BARKDULL, Chief Judge.
This case involves an alleged arbitrary assessment of the appellants’ property by the appellees [as the taxing officials of Dade County, Florida] for the calendar year 1961.
The appellant, as plaintiff in the trial court, filed his complaint seeking a reduction of his tax obligation because of an alleged discriminatory tax assessment, which was disproportionate to similarly situated properties. The trial court dismissed the complaint for failure to state a cause of action. The appellant has preserved for review and urges as error the dismissal of same, on the ground that it stated a cause of action and because the disproportionate assessment of the property as to similarly situated properties was contrary to certain provisions of the State and Federal Constitutions. The appellees contend that the trial judge’s action in dismissing the complaint should be affirmed, on the authority of Cosen Inv. Co. v. Overstreet, 1944, 154 Fla. 416, 17 So.2d 788; Sproul v. Royal Palm Yacht & Country Club, Inc., Fla.App.1962, 143 So.2d 900.
*58 We reverse the action of the trial judge and hold that the complaint in the instant cause, involving tax assessment for the year 1961, stated a cause of action and the appellees should he required to respond thereto, in accordance with the opinion of this court found in Dade County v. Deauville Operating Corp., Fla.App. 1963, 156 So.2d 31. In the cited opinion [in a similar situation for the same tax year] this court upheld tax reductions for other taxpayers, who alleged and proved that they had been discriminated against in the assessment of their properties by Dade County Tax officials because said assessments were in excess of those imposed upon similarly situated properties.
We dispose of the authorities principally relied on by the appellees with the following coiftments. At first glance, the Cosen Inv. Co. v. Overstreet case, supra, would appear to sustain the chancellor’s action. However, it is apparent that up until July of 1964 [in the case of McNayr v. State ex rel. Dupont Plaza Center, Inc., Fla. 1964, 166 So.2d 142] the Supreme Court of Florida had not required an assessment of 100% of just value or full cash value of property in Dade County. To the contrary, in an earlier case of State ex rel. Glynn v. McNayr, Fla.1961, 133 So.2d 312, seeking to require by mandamus that the County officials of Dade County adopt a full cash value assessment, the court specifically rejected the theory behind the Cosen Inv. Co. v. Overstreet case, supra, that all property in Dade County must be assessed at full cash value for the year 1961.
From a review of the opinion in the case of State ex rel. Glynn v. McNayr, supra, it is noted that the case of Cosen Inv. Co. v. Overstreet, supra, was cited by the Supreme Court but, up until July of this year, that court had not followed this; opinion as related to Dade County assessments prior to the year 1964. Therefore, during the year 1961 it was recognized, both by the Supreme Court in State ex rel. Glynn v. McNayr, supra, and by this court in Dade County v. Deauville Operating Corp., supra,, that Dade County was not assessing at full cash value but that it would be required to assess equally all properties similarly situated.
As to the reliance upon the case of Sproul v. Royal Palm Yacht & Country Club, Inc., supra, this opinion is based upon the decision in the original opinion of this court found in Dade County v. Dupont Plaza, Inc., Fla.App.1960, 117 So.2d 849, which was quashed by the Supreme Court in the opinion found in Dupont Plaza, Inc. v. Dade County, Fla.1960, 125 So.2d 546. We have had occasion to reexamine the original opinion in this case and find that [notwithstanding the interpretation in the Sproul v. Royal Palm Yacht & Country Club, Inc., supra, opinion] there was no indication therein of an allegation of assessment in excess of full cash value in the case of Dade County v. Dupont Plaza, Inc., supra, but that the only allegation was that the assessment was disproportionately higher than that of similarly situated properties but not in excess of full cash value.
In order that the appellants be accorded equal protection of the laws [as they apply to their 1961 assessments] they should be entitled to try their cause of action. Therefore, for the reasons above stated, it is not necessary to consider the appellants’ second point. The final decree here under review is hereby reversed, with directions to reinstate the appellants’ complaint and to require a response thereto by the appellees.
Reversed and remanded, with directions.