194 So.2d 587 (1966)
DADE COUNTY, Florida, a Political Subdivision of the State of Florida, et al., Petitioners,
v.
Harry SALTER, Homer S. Grossman, Harry L. Nathenson and Nathan Manilow, Respondents.
No. 34035.
Supreme Court of Florida.
May 11, 1966.
On Rehearing January 25, 1967.
*588 Thomas C. Britton, County Atty., and Stuart Simon, Asst. County Atty., for petitioners.
Patton & Kanner and William H. Morrow, Jr., Miami, for respondents.
THORNAL, Chief Justice.
By a petition for certiorari we are asked to review a decision of the Third District Court of Appeal, which reversed the dismissal of a complaint against an allegedly discriminatory ad valorem tax assessment. Salter v. Dade County, 170 So.2d 57.
We must decide whether the complaint stated a cause of action absent an allegation that the property of the complainant had been assessed in excess of full cash value.
By their amended complaint, Salter, and others, alleged that for the year 1961, the Dade County Tax Assessor systematically failed to assess real property, including their own, at full cash value as required by Section 193.11, Florida Statutes, F.S.A. They asserted that property similar to theirs was assessed at 47.27% of full cash value, whereas their property was assessed at 87% of full cash value. Obviously, their property had not been assessed in excess of full cash value. Walter v. Schuler, Fla., 176 So.2d 81. They further alleged that because of the disproportionate assessment they had overpaid their taxes for 1961 by $6,103.65, and are entitled to a refund in this amount. Respondents prayed that their assessment be reduced to the percentage level which they alleged was employed on similar property. They do not urge that all property be assessed at full cash value. Dade County moved to dismiss the amended complaint on two grounds: (1) Failure to state a cause of action and, (2) The prayer of the complaint sought to compel a constitutional officer to perform an act contrary to law. The motion was granted without specification as to which ground. The District Court reversed. Salter v. Dade County, supra. Its decision is now here for review.
Petitioner cites for conflict, inter alia, the decision of this Court in Cosen Investment Co. v. Overstreet, 154 Fla. 416, 17 So.2d 788. *589 Cosen originated with a complaint against the Dade County Tax Collector to enjoin the collection of a portion of the taxes assessed against plaintiff's property. It alleged the assessment of plaintiff's property at 100% of full cash value, as compared to an alleged assessment of "nearby property" at 75%. In effect, plaintiff wanted his assessment lowered to 75% of full cash value. This Court, noted adoption of the homestead exemption amendment, Article X, Section 7, Florida Constitution, F.S.A., and its effect on Chapter 20722, Acts of Florida, 1941, the predecessor of Section 193.11, Florida Statutes, F.S.A. We rejected our prior holding, Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 So. 503, that an assessment roll was valid if uniform and equal, even though less than for full cash value. In Cosen the Court held:
"To grant appellant's request would require us to order a constitutional, (sic) official [to] act contrary to the statute and by so doing the effect of his act would result in rendering unequal the tax burden to the tax payers of Dade County."
The District Court in the instant case conceded that "at first glance" Cosen, supra, seemed to support the Chancellor. However, it refused to follow it, insisting that this Court in State ex rel. Glynn v. McNayr, 133 So.2d 312, had "specifically rejected the theory behind the Cosen v. Overstreet case, supra, that all property in Dade County must be assessed at full cash value for the year 1961."
The District Court erroneously interpreted State ex rel. Glynn v. McNayr, supra. The case involved a petition for mandamus attacking the proposed 1961 tax roll of Dade County. It sought to compel the adoption of another tax roll based on a particular reassessment which all agreed was as invalid as the one attacked. We affirmed the trial court's denial of the petition for two reasons: (1) The new tax roll was as defective as the original one and mandamus will not be granted to compel an illegal act, and, (2) Compliance with the requested command would have been physically impossible within the time limitations imposed by the county's financial needs.
We specifically emphasized that we were not approving the 1961 tax roll or passing on its validity, a decision which we said "would have to await an appropriate attack". 133 So.2d p. 317. Cosen Investment Co. v. Overstreet, supra, was not mentioned. However, the rule of Glynn is consistent with Cosen in its ultimate result. Obviously, the District Court here misinterpreted this Court's decision in Glynn, supra. In so doing, it created a conflict of the type discussed in Pinkerton-Hays Lumber Co. v. Pope, Fla., 127 So.2d 441. In view of our discussion of Glynn, supra, it is obvious that the decision of the District Court, in failing to follow Cosen Investment Co. v. Overstreet, supra, also conflicts with our decision in that case. For these reasons, we have jurisdiction. Article V, Section 4(2), Florida Constitution. In finding jurisdiction, we have disposed of the merits.
We have examined the rationale underlying our decision in Cosen Investment Co. v. Overstreet, supra, and hold that it is still applicable. To grant the relief sought here would be to direct the petitioner to perform an act contrary to law. The respondents made no claim that their property was assessed in excess of full cash value. We hold that the amended complaint fails to state a cause of action. For this reason, we quash the decision of the District Court of Appeal, Third District, and remand the cause with directions to reinstate the order dismissing the amended complaint.
It is so ordered.
DREW, O'CONNELL, CALDWELL and ERVIN, JJ., concur.

*590 ON PETITION FOR REHEARING
DREW, Justice.
Upon further consideration of the record in this case, we are convinced that to adhere to the opinion of the Court filed May 11, 1966 would work a grave injustice upon the respondents and result in denying the right to the equal protection of the laws and right to equality and uniformity in taxation of their property, both basic constitutional guaranties.
In our opinion of May 11th it is stated:
"By their amended complaint, Salter, and others, alleged that for the year 1961, the Dade County Tax Assessor systematically failed to assess real property, including their own, at full cash value as required by Section 193.11, Florida Statutes, F.S.A. They asserted that property similar to theirs was assessed at 47.27% of full cash value, whereas their property was assessed at 87% of full cash value. Obviously, their property had not been assessed in excess of full cash value * * *"
whereas the pertinent allegations of the amended complaint in this cause are as follows:
"* * * That there have been no real properties in Dade County assessed by the defendant Tax Assessor at full cash value as is required by the provisions of Florida Statute [193.11] 191.11 [F.S.A.]. The defendant Tax Assessor has not followed the provisions of Chapter [193] 191, Florida Statutes [F.S.A.], in that he has arbitrarily and discriminatorily assessed this property at a higher cash value than similar property in Dade County, Florida, and at a higher cash value relatively and comparatively to all other property in Dade County, Florida, so that the resultant assessment to the plaintiffs constitutes an unfair tax burden. The defendant Tax Assessor cannot employ the standard of full cash value in this action since the said defendant Tax Assessor has not complied with Florida Statutes, Chapter [193] 191 [F.S.A.] in that he has not assessed the plaintiffs' property or any other parcel of property in Dade County, Florida, at full cash value. That the said failure of the defendant Tax Assessor to employ full cash value as the basis for the 1961 tax roll was a systematic assessment by the said Tax Assessor and was not through inadvertence or error. The said systematic assessment was aimed at valuing all property in Dade County, Florida, at 47.27% of its full cash value. The plaintiffs' assessment was not at 47.27% of full cash value but was at a sum in excess of 87% of its full cash value for the year 1961. The defendant Tax Assessor, by systematically, and not through inadvertence and error, assessing property throughout Dade County at approximately 47.27% of its fair market value and by assessing the plaintiffs at a sum far in excess of 47.27% of the full cash value of the plaintiffs' property, has caused the plaintiffs to be burdened unduly with more than the plaintiffs' fair share of the tax burden through Dade County, Florida, as compared to all property in Dade County, Florida, and the plaintiffs' assessment is therefore disproportionate, unjust and unequal."
What we inadvertently stated in the opinion and what is actually alleged in the complaint present two entirely different legal problems. It may be true that if what was alleged in the complaint is that quoted in our opinion, the conclusion of our opinion is correct, but we are of the view that the true allegations of the complaint above quoted, which are taken as admitted upon the present state of record here, present a case for relief which this Court should not ignore and that, if proven, entitles these parties to relief under the two basic constitutional provisions mentioned earlier.
Our Constitution provides for equality and uniformity of the burden of taxation. Article IX, Section 1, F.S.A. A *591 taxpayer who by virtue of the acts of the Tax Assessor has been denied this constitutional right should not be precluded from relief because the sworn official has not performed the duty requiring him to assess all property at its full cash value. Nor does the granting of relief to these taxpayers in any respect affect or impair or be in any way inconsistent with the recent decisions of this Court holding that all real property in this State should be assessed at its full cash value. In Cosen Investment Company, Inc. v. Overstreet, 154 Fla. 416, 17 So.2d 788 (relied upon so heavily in the opinion), there was no allegation that all of the property of the county was assessed at less than its full cash value. The allegation there was that similar property was assessed at less value than plaintiff's property. There the Court correctly held under the facts there before us that "to perpetuate the practice of assessing all property at a less percentage than that directed by the statute * * * would necessarily result in favoring the homesteads." We emphasize again that the case before us is entirely different and to grant relief to these property owners would in no way perpetuate such practice, but even if it would we are faced with the alternative of denying these property owners the constitutional guaranty of equality and uniformity in taxation in order to enforce a mandate on the assessor to assess property at its fair cash value. The Supreme Court of the United States many years ago dealt with the identical problems in Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340, where Mr. Chief Justice Taft, speaking for the Court said:
"* * * This court holds that the right of the taxpayer whose property alone is taxed at 100 per cent of its true value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of statute. The conclusion is based on the principle that where it is impossible to secure both the standards of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law."
The Court then observed that to deny relief to the taxpayer would uphold the violation of the Fourteenth Amendment to the injury of the taxpayer in that litigation. The conclusion is inescapable that the same result would be inflicted upon the taxpayers in this litigation.
To adhere to the opinion which has been filed would require these taxpayers, and other taxpayers who might find themselves in the same position in any of the sixty-seven counties in this State, to successfully institute and prosecute proceedings to require the assessor to raise all other properties in the county to the statutory valuation, a burden which in most instances would amount to depriving the taxpayer of any remedy whatever, in order to obtain relief. This question was also considered by the Supreme Court of the United States in Sioux City Bridge Co. v. Dakota County, supra, where Mr. Chief Justice Taft, again speaking for the Court said:
"* * * The conclusion in these and other federal authorities is that such a result as that reached by the Supreme Court of Nebraska is to deny the injured taxpayer any remedy at all because it is utterly impossible for him by any judicial proceeding to secure an increase in the assessment of the great mass of underassessed property in the taxing district."
Turning now to the opinion of the district court, there are certain observations therein with which we cannot agree. By and large, however, these statements are pure obiter and are unnecessary to the disposition of the case. The judgment, however, of that court set forth in the last paragraph of its opinion is correct. We recede from our opinion of May 11th and quash the writ of certiorari heretofore issued, with directions that this cause go back to the trial court under the judgment *592 of the district court for trial upon the merits.
ROBERTS, O'CONNELL and CALDWELL, JJ., concur.
THORNAL, C.J., and THOMAS and ERVIN, JJ., dissent.