### ARTHREE, Inc. v. TAX ASSESSOR, et al.
No. 71-21732.

Circuit Court, Dade County.

September 11, 1972.

Lucien C. Proby, Jr. of Pallot, Stern, Proby & Adkins, Miami, for the plaintiff.

Stuart Simon, County Attorney, Robert A. Ginsburg, Assistant County Attorney, for the defendants.

GRADY L. CRAWFORD, Circuit Judge.

*Final judgment:* This is a suit challenging the 1971 ad valorem tax assessment on improved real property — the Carriage House, 5401 Collins Avenue, Miami Beach.

This cause came on for final hearing without a jury on May 9 and June 5, 1972.

The 1971 ad valorem tax assessment on the subject property totals $11,816,991, which includes $1,491,580 attributed to land value, and $10,325,411 attributed to improvements.

A taxpayer challenging his assessments has two possible avenues of relief —

I.   He can prove that the assessment exceeds the fair market value of the property, if he first establishes that the assessor utilized an illegal method of assessment. Powell v. Kelly, Fla. 1969, 223 So.2d 305; Homer v. Dadeland Shopping Center, Inc., Fla. 1970, 229 So.2d 834.

II.  He can prove that his assessment was the result of systematic, deliberate, intentional discrimination on the part of the tax assessor. Dade County v. Salter, Fla. 1967, 194 So.2d 587.

The complaint filed by the taxpayer in the instant case challenges the subject assessment on both grounds.

*I. Fair market value*

A. Proof of illegal method of assessment.

The taxing authorities are presumed to have acted properly and in good faith, and the assessment comes before the court clothed with a presumption of validity. City National Bank of Miami v. Blake, Fla. App. 1972, 257 So.2d 264. In order for a taxpayer to prevail on this theory, he must initially establish that the method of assessment employed by the tax assessor was erroneous. Powell v. Kelly, supra. The court finds that the taxpayer in the present case has failed to adduce evidence or proof regarding illegality in the methods used by the taxing authorities in deriving the subject assessment, either as to the land value component or the improvements component. The court finds that the plaintiff's evidence is insufficient to rebut the presumption of validity with which the subject assessment came before this court.

B. Proof to the exclusion of every reasonable hypothesis of legal assessment.

Once a taxpayer has established that the assessor utilized an illegal method of assessment, he then has the burden of proving that the assessed valuation cannot be supported by any reasonable hypothesis of legal assessment. Homer v. Dadeland Shopping Center, Inc., supra. It is not sufficient to show that consideration of a few factors could result in a lower assessment. A mere difference of opinion on the issue of valuation is insufficient as a matter of law. Keith Investments, Inc. v. James, Fla. App. 1969, 220 So.2d 695; Powell v. Kelly, supra. In the instant case the only witness to testify on the issue of fair market value on behalf of the taxpayer was Mr. J. Fred Ridolf, Jr., a real estate appraiser. Mr. Ridolf was of the opinion that the subject property was over-assessed, but the court finds that he failed to exclude exery reasonable hypothesis of legal assessment both in his appraisal report and in his oral testimony. There are three accepted hypotheses of valuation used by appraisers to derive fair market value — the cost approach, the comparable sales or market approach, and the income or economic approach. McNayr v. Claughton, Fla. App. 1967, 198 So.2d 366. In his cost analysis Mr. Ridolf utilized the actual contract cost to build the Carriage House even though the evidence before the court indicates and the court finds —

1. The actual construction costs were based on contracts let in November 1967, more than three years before the taxing date.

2. The general contractor (Turchin Construction) received $100,000 less than usual fee on this particular contract.

3. The cost did not include, *inter alia,* such items as the professional fees of architects and engineers.

Mr. Ridolf's report does not recognize an increase in building costs except for the year 1971 (see page 8 of his report) nor does he reflect the fact that Turchin charged less than his usual fee.

In his utilization of the income approach, Mr. Ridolf did not stabilize income or expenses. He used the actual income and expense figures even though —

1. All Carriage House leases were multi-year leases which as of January 1, 1971, had less than one year remaining.

2. Mr. Blum, one of the partners, testified under oath that his penthouse suite was rented for one-half of its economic value — a difference of $600 per month.

3. No adjustment was made to reflect the fact that the land was purchased four years prior to the taxing date.

4. Actual building costs were used despite the factors delineated above.

The court finds that the failure to stabilize actual income and expense accounts is a departure from recognized appraisal practice.

Mr. Edward M. Waronker and Mr. Theodore W. Slack, Sr., both members of the American Institute of Real Estate Appraisers, testified on behalf of the taxing authorities and their opinions of fair market value amply support the subject assessment. The court finds that the evidence adduced by the plaintiff herein does not exclude every reasonable hypothesis of legal assessment. Specifically, the court finds that the income analysis prepared by Mr. Waronker does, in fact, support the instant assessment. The court finds, therefore, that the 1971 ad valorem tax assessment on the Carriage House (land and improvements) is legal and valid.

## II. Discrimination

To prevail on the theory of discrimination the taxpayer has the burden of proving that all or most of the property in the county is assessed at a particular percentage of value, while the plaintiff's property is assessed at a higher percentage of value. Dade County v. Salter, supra; Schooley v. Sunset Realty Corp., Fla. App. 1966, 185 So.2d 1. Proof that some similar properties are assessed at a lesser percentage of value is insufficient to show the discrimination necessary for relief. Cosen Inv. Co. v. Overstreet, Fla. 1944, 17 So.2d 788. Plaintiff's evidence on the issue of discrimination consisted solely of unverified, unadjusted raw sales prices (an indeterminate amount of which in each instance was admittedly attributable to personal property). There is no evidence that the

half a dozen sales presented were the result of an orderly or scientific study. Even in the absence of the fundamental defects indicated above, the court finds that no particular percentage of assessments to value emerged. The court finds that the plaintiff has failed to establish that the subject assessment was the result of systematic, deliberate, intentional discrimination on the part of the tax assessor.

The court finds that the evidence presented by the plaintiff in this cause is not sufficient to carry its burden of proof.

For all the foregoing reasons it is hereby ordered and adjudged —

1. The 1971 tax assessment on the subject property is not disturbed, and the plaintiff is not entitled to any reduction therefrom.

2. The plaintiff has fifteen days from the date of this final judgment within which to pay the balance of the 1971 ad valorem taxes due on the subject property and the interest and penalties thereon as provided by law.

3. The temporary injunction heretofore entered in this cause on February 28, 1972, be and the same is hereby dissolved.

4. The plaintiff's complaint herein be and the same is hereby dismissed with prejudice.

5. The defendants shall recover costs, to be determined at a later date, from the plaintiff.

6. The court shall retain jurisdiction of this cause for the purpose of enforcing the provisions of this final judgment.