**BRICKELL TOWN HOUSE v. TAX ASSESSOR, et al.**
No. 71-21723.
Circuit Court, Dade County.
October 24, 1972.

16

Betty Kessler, Miami, for the plaintiff.

Stuart L. Simon, County Attorney, R. A. Cuevas, Jr., Assistant County Attorney, for the defendants.

SHELBY HIGHSMITH, Circuit Judge.

This is a suit challenging the 1971 ad valorem assessment on certain improved real property (the land and improvements comprising the Brickell Town House, 2451 Brickell Ave., Miami, Fla.). The total assessment on the subject property is $7,042,911 —

$1,071,600 for the land; and
5,971,311 for the improvements.

The taxpayer seeks reduction of this assessment on two grounds — that the assessment exceeded the fair market value of the property; and that the assessment was discriminatory.

This cause was tried without a jury on May 15, 1972. Final argument was heard on October 11, 1972.

### I. Claim that assessment exceeds fair market value

The assessor (as a public official) is presumed to have acted properly and in good faith, and his assessment comes before the court clothed with a presumption of validity. Harbond v. Anderson, 134 So.2d 816 (2nd D.C.A., Fla. 1961). A court of equity will not review the official acts of a public official clothed with authority to assess taxes unless there is a showing that the method of assessment was illegal or fraudulent. City of Tampa v. Palmer, 89 Fla. 514, 105 So. 115 (1925); Powell v. Kelly, 223 So.2d 305 (Fla. 1969). If the steps required by law are not in fact made or if they are not made in good faith, the presumption of validity of the assessment is no longer warranted and the court may then proceed to review the assessor's exercise of his discretion in valuing the property. Powell v. Kelly, supra. Mr. Donovan Jones of the assessor's staff testified that all of the criteria of §193.011, F.S. (1970 Supp.) were considered in deriving this assessment. He further testified and explained how each criteria was considered. The taxpayer presented no evidence to show lack of good faith on the part of the assessor. Accordingly, the court finds plaintiff's evidence insufficient to overcome the prima facie correctness of this assessment.

Once a taxpayer has proven that the assessment was the result of an illegal method of assessment, he must then prove it cannot be supported by any reasonable hypothesis of legal assessment.

Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla. 1970). That is, the assessor may reach a correct result for the wrong reason. City National Bank of Miami v. Blake, 257 So.2d 264 (3rd D.C.A., Fla. 1972). As a corollary to this issue, the taxpayer must also prove what the property's fair market value is so the court will have evidence before it on which to base any change in assessment it orders. Simpson v. Merrill, 234 So.2d 350 (Fla. 1970).

To determine fair market value, there are three well recognized approaches to appraisal —

    1.  cost;

    2.  comparable sales; and

    3.  income.

McNayr v. Claughton, 198 So.2d 366 (3rd D.C.A., Fla. 1967). These three approaches to valuation incorporate the statutory criteria of §193.011 and are the hypothesis of legal assessment referred to by Florida courts. Aeronautical Communications Equipment, Inc. v. Metropolitan Dade County, 219 So.2d 101 (3rd D.C.A., Fla. 1969). The taxpayer must therefore show that the assessment cannot be supported by any of these three methods. *Aeronautical Communications Equipment, Inc.,* supra.

Plaintiff called two witnesses to testify on this issue — Mr. Raymond Shock, a tax consultant; and Mr. Sidney Kesseler, the property owner. Mr. Kesseler did not give an opinion as to the subject property's value on the taxing date. Mr. Shock did not even consider two of three approaches to value (sales and income approaches). He testified that he and the assessor had agreed as to the property's value in 1969. He made no attempt to adjust this figure to reflect a value as of January 1, 1971. Mr. Shock was not familiar with building costs in Dade County as of the taxing date. The exhibits introduced in evidence showed that the outstanding balance due on the existing mortgage was greater than the challenged assessment. The taxpayer's petition for equalization listed the amount of insurance on the building as greater than the assessment thereon. The court finds that plaintiff has failed to exclude every reasonable hypothesis of assessment or to prove that the assessment is in excess of the property's fair market value. The court further finds that the assessment is supported by all three approaches to value, as testified to by Mr. Jones.

## II. *Claim that assessment is discriminatory*

A taxpayer challenging an assessment on the grounds of discrimination must prove that the assessor intentionally and systematically assessed all property on a county-wide basis at some particular

percentage of value while his property is assessed at a higher percentage of value. Dade County v. Salter, 194 So.2d 587 (Fla. 1967); Schooley v. Sunset Realty Corp. 185 So.2d 1 (2nd D.C.A., Fla. 1966). Proof that some similar or nearby properties are assessed at a lesser rate is not sufficient to show the discrimination necessary for relief. Cosen Investment Co. v. Overstreet, 17 So.2d 788 (Fla. 1944).

On this issue, plaintiff presented evidence as to the sale prices of several similar high-rise apartments and of nearby parcels of vacant land. The taxpayer tried to compare the sales prices of these other properties with the real property assessments thereon. In the case of the other high-rise apartments, no attempt was made to show how much of each sales price was allocated to the personal property. Such personal property was not included in the real property assessments of these apartments. In addition, the assessment on one apartment building was the result of a reduction by the Tax Adjustment Board and, as such, did not reflect the assessor's valuation of the property. Despite the defects in such comparisons, the court finds that no particular percentage of assessments to value was shown. The court finds that the plaintiff has failed to establish that the subject assessment was the result of systematic, intentional, arbitrary discrimination on the part of the tax assessor.

The court finds that the evidence presented by the plaintiff in this cause is not sufficient to carry its burden of proof.

For all the foregoing reasons, it is ordered and adjudged — (1) That the 1971 tax assessment on the subject property is not disturbed, and the plaintiff is not entitled to any reduction therefrom. (2) That the plaintiff's complaint is dismissed with prejudice. (3) That the defendants shall recover costs, to be determined at a later date, from the plaintiff. (4) That the court shall retain jurisdiction of this cause for the purpose of enforcing the provisions of this final judgment.