# BALMORAL CONDOMINIUM ASSOCIATION, INC. v BYSTROM, etc., et al.

## Case No. 83-44843 CA 28

Eleventh Judicial Circuit, Dade County

September 24, 1985

### APPEARANCES OF COUNSEL

**Stuart L. Simon, Fine, Jacobson, Schwartz, Nash, Block & England,** for plaintiff.

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for defendants.

### OPINION OF THE COURT

RICHARD S. FULLER, Circuit Judge.

THIS CAUSE came on to be heard for nonjury trial on September 18 and 19, 1985. The Court reviewed the pleadings, admissions, memoranda and other papers in the record. At trial, the Court received the documentary, photographic and other evidence adduced by the parties. The Court heard testimony and observed the demeanor of the

expert, factual and impeachment witnesses. The sole witness called by the Plaintiff was Eugene Joseph Davidson, Jr. The principal witnesses called by the Defendant County taxing authorities were Robert M. Perez, supervisor of the Real Estate Division of the Department of Property Appraisal, Steven A. Schultz of the Dade County Property Appraisal Adjustment Board, and adverse witness, through his deposition, J. B. Skiles, General Manager and designee of the Plaintiff condominium.

Thereupon, the Court finds and concludes as follows:

1. This action contests the 1983 ad valorem real property tax assessment of the 423 condominium units which comprise the Balmoral condominium. At trial the Plaintiff conceded that the individual condominium units had not been assessed in excess of "just" or fair market value, but alleged that the subject tax assessments were illegal because the level of those assessments was substantially in excess of the level of assessments imposed on comparable and other properties within the same municipality. This the Plaintiff failed to prove.

2. The Plaintiff condominium association contended that a cause of action in its favor was created by Chapter 80-274, Section 1, Laws of Florida, the Truth in Millage (TRIM) Bill. As presently codified, Section 194.034(5), Florida Statutes (1983), provides:

> For the purposes of review of a [property appraisal adjustment board] petition, the board may consider assessments among comparable properties within homogeneous areas or neighborhoods.

The evidence demonstrated that the dwellings on the east side of Collins Avenue in Bal Harbour Village constitute a single homogeneous area or neighborhood. Like the subject, most of the property in Bal Harbour Village east of Collins Avenue is in the Ocean Front (zoning) District, which consists of condominia and other highrise buildings.

The Plaintiff offered no evidence relating to assessments within the homogeneous area or neighborhood east of Collins Avenue where the Balmoral is located and did not contend that the subject property was assessed at a higher level than other similar condominium property. Instead, the Plaintiff adduced evidence only of a scattering or small number of assessments of properties in Bal Harbour Village west of Collins Avenue, where there are no condominiums or other highrises. Moreover, the evidence was overwhelming that property west of Collins Avenue in Bal Harbour Village is neither within the same neighborhood as the Balmoral Condominium nor within an area homogeneous to the Ocean Front (zoning) District where the Balmoral is located. Thus, even if this Court were to find, as Plaintiff suggests,

**35**

that the above-referenced statute created a cause of action over which this Court had jurisdiction, the Plaintiff wholly failed to offer evidence sufficient to demonstrate the existence of discrimination with respect to its property. Similarly, the Plaintiff condominium association failed to show that the condominium units owned by its members were assessed disproportionately to all or substantially all other property in Dade County, *Southern Bell Telephone & Telegraph Company v. County of Dade*, 275 So.2d 4 (Fla. 1973), or that the subject property was otherwise discriminated against by the Property Appraiser. *Deltona Corporation v. Bailey*, 336 So.2d 1163 (Fla. 1976); section 194.034(5), Florida Statutes (1983).

3. The Plaintiff condominium association contended, but as this Court found above, failed to prove that the assessments imposed by the Property Appraiser on the subject property resulted in unfair and discriminatory treatment of the individual members of the Plaintiff association in violation of their rights to equal protection vis-a-vis other property owners. Through requests for admissions, the Plaintiff admitted that the subject tax assessments were contested on the ground that they were contrary to the State Constitution. Nevertheless,the Court is of the opinion that the Plaintiff did not fail to join an indispensable party pursuant to section 194.181(5), Florida Statutes (1983).

4. As constitutional officers, the actions of county property appraisers are clothed with a presumption of correctness. *Powell v. Kelly*, 223 So.2d 305 (Fla. 1969). The presumption may be affirmatively overcome only by appropriate and sufficient allegations and proofs excluding every reasonable hypothesis of a legal assessment. *District School Board of Lee County v. Askew*, 278 So.2d 272 (Fla. 1973). The Plaintiff wholly failed to carry its burden of proof, overcome the presumptive validity of the subject assessments, and exclude every reasonable hypothesis of legal assessments. In the case at bar there has simply been no showing of any unfair or discriminatory assessments.

5. While the Plaintiff alleged in its Complaint that not less than the amount of 1983 taxes admitted in good faith to be owing had been paid, section 194.171(3), Florida Statutes (1983), the Plaintiff failed at trial to establish that any such tax payments had been made. Pursuant to section 194.171(6), the Court lacks jurisdiction over the Plaintiff's claim in the absence of any such proof. In view of the mandatory jurisdictional requirement of section 194.171, the Court could have granted Defendants' motion for involuntary dismissal at the close of Plaintiff's case in chief. To avoid duplication of trial proceedings, the Court reserved ruling on the motion and heard the Defendants' case and the Plaintiff's rebuttal.

Upon the above findings and conclusions, it is hereby

ORDERED, ADJUDGED and DECREED that Judgment is entered in favor of the Defendants, that the Plaintiff Balmoral Condominium Association, Inc. take nothing by this action and the Defendants Franklin B. Bystrom, as Dade County Property Appraiser, and Stephen L. Smith, as Acting [sic] Tax Collector of Dade County, Florida, go hence without day. The Court reserves jurisdiction to tax costs in favor of the Defendants.