## CERTAIN BALMORAL CONDOMINIUM UNIT OWNERS v BYSTROM, etc., et al.

### Case No. 82-24465 CA 08

Eleventh Judicial Circuit, Dade County

June 16, 1986

### APPEARANCES OF COUNSEL

**John G. Fletcher** for plaintiffs.

**Robert A. Ginsburg,** County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for defendants.

### OPINION OF THE COURT

FRANCIS X. KNUCK, Circuit Judge.

THIS CAUSE came on to be heard on the Defendants' motion for summary judgment on June 9, 1986. The Court reviewed the pleadings, depositions and admissions together with the affidavits on file, and heard extensive argument of counsel. Upon consideration, the Court concludes that the record demonstrates that there is no genuine issue

as to any material fact and that the Defendants, the Property Appraiser and Tax Collector of Dade County, are entitled to judgment as a matter of law. Based upon the record, the Court makes the following specific findings:

1. This action contests the 1982 ad valorem real property tax assessment on 247 of the 423 condominium units which comprise the Balmoral Condominium, located in the Ocean Front (zoning) District of Bal Harbour Village. The Plaintiffs do not contend that their individual condominium units have been assessed in excess of "just (fair market) value." Plaintiffs merely allege that the subject tax assessments are illegal because the level of those assessments is in excess of the level of assessments imposed on other non-condominium properties within the municipality of Bal Harbour Village. Amended Complaint, Paragraph 4. The Plaintiff-taxpayers' own expert witness expressly concedes that the Balmoral and the other condominiums in Bal Harbour Village are assessed "in the same ratio" and that there is no disparity among Bal Harbour Village condominia with respect to the level of assessment. Davidson deposition, 40.

2. The Plaintiff-taxpayers contended that a cause of action in their favor was created by chapter 80-274, § 1, Laws of Florida, the Truth in Millage (TRIM) Bill. As codified, § 194.032(11), Florida Statutes (1981) [renumbered § 194.034(5), Florida Statutes (1983)], provides:

> For the purposes of review of a [property appraisal adjustment board] petition, the board may consider assessments among comparable properties within homogeneous areas or neighborhoods.

The record in this cause establishes without contradiction that the Property Appraisal Adjustment Board (PAAB) interprets and applies the statute in question as an evidentiary statute making no substantive change to the constitutional requirement that property continue to be assessed at 100% of its "just valuation," i.e., fair market value. As the Balmoral Condominium unit owners readily concede however, they do not claim that their property assessments exceed "just valuation."

Interpretation and application of § 194.032(11), Florida Statutes (1981), by the PAAB as a provision governing the admissibility of evidence in PAAB hearings is entitled to great weight, because it is the construction of a statute by the administrative agency charged with its enforcement and interpretation. *Reedy Creek Improvement District v. State Department of Environmental Regulation*, 486 So. 2d 642, 648 (Fla. 1st DcA 1986) (citing *Public Employees Relations Commission v. Dade County Police Benevolent Association*, 467 So. 2d 987, 989 (Fla. 1985), for the ruling that "a reviewing court must defer to an agency's

interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial competent evidence"). *Accord, All Seasons Resorts, Inc. v. Dept. of Business Regulation, Div. of Land Sales, Condominiums and Mobile Homes*, 455 So. 2d 544, 547 (Fla. 1st DCA 1984); *Boca Raton Publishing Company v. Department of Revenue*, 413 So.2d 106, 107 (Fla. 1st DCA 1982); *Heftler Construction Co. & Subsidiaries v. Department of Revenue*, 334 So.2d 129, 132 (Fla. 3d DCA 1976). Like the PAAB, the Court is of the opinion and here finds that the statute is an evidentiary statute, rather than a mandate for assessment equalization, especially where, as here, granting relief to the Plaintiffs under the statute would result in reducing their assessment to below the constitutionally mandated "just value."

Section 194.032(11), Florida Statutes (1981), does not authorize the PAAB or the courts to equalize assessments to the level of the lowest assessment in a neighborhood or homogeneous area. It merely permits PAAB petitioners to adduce evidence of comparable assessments in support of a claim that petitioners' property is assessed in excess of its "just (fair market) valuation" (affidavit and deposition of Steven A. Schultz, Special Master's findings of fact, conclusions of law and recommendations to the PAAB, agenda no. 8072, and attachments).

3. Assuming *arguendo* that § 194.032(11) creates an equalization or equal protection cause of action in favor of Plaintiffs, the pleadings and the record demonstrate that the Plaintiff Balmoral Condominium unit owners admitted that, unlike the subject property, none of the purported "comparable" properties is a condominium. Instead, Plaintiffs sought to have the Court compare their condominium property only to non-condominium property, and only to property which, unlike the Plaintiffs' property, was located west of Collins Avenue and outside the Ocean Front (zoning) District of Bal Harbour. In fact, the Plaintiffs' expert explicitly conceded that the Balmoral Condominium was not assessed disproportionately vis-a-vis the other condominium properties within the municipality. Thus, even if this Court were to conclude, as Plaintiffs suggest, that the above-quoted statute creates a cause of action over which this Court has jurisdiction, the Plaintiffs effectively conceded of record the nonexistence of discrimination against their property vis-a-vis other Bal Harbour Village condominium properties, i.e., comparable properties within the same homogeneous area or neighborhood.

Similarly, the Plaintiff-taxpayers admitted that they would not assert at trial that their condominium units have been assessed at a level higher than other condominium property in Dade County generally.

This admission was consistent with Plaintiffs' Amended Complaint, which failed to allege that their condominium units were assessed disproportionately to all or substantially all other property in Dade County, *Southern Bell Telephone & Telegraph Co. v. County of Dade*, 275 So.2d 4 (Fla. 1973), or that the subject property was otherwise discriminated against by the Property Appraiser. *Deltona Corporation v. Bailey*, 336 So.2d 1163 (Fla. 1976); *Adams v. Reid*, 396 So.2d 1182 (Fla. 4th DCA 1981); § 194.032(11) Florida Statutes (1981). *See also Balmoral Condominium Association v. Bystrom*, 15 Fla. Supp. 2d 34 (Fla. 11th Cir. Ct. 1985); *Waikiki Partnership v. Tax Assessor*, 41 Fla. Supp. 12 (Fla. 11th Cir. Ct.), *appeal dismissed sub nom. Waikiki Partnership v. Dade County*, 303 So. 2d 97 (Fla. 3d DCA 1974).

4. Considering the record in a light most favorable to the non-moving party, Plaintiffs' own admissions affirmatively prove the nonexistence of the very evidence essential to support the Plaintiffs' own watered-down version of the equal protection standard. Consequently, there are no disputed issues of material fact within the scope of the pleadings and the record presented.

Upon the foregoing findings and conclusions, it is hereby

ORDERED, ADJUDGED and DECREED that Final Summary Judgment is entered in favor of the Defendants, that the Plaintiff-taxpayers take nothing by this action and the Defendants, Franklin B. Bystrom, as Property Appraiser, and B. W. Williams, Jr., as Tax Collector of Dade County, Florida, go hence without day. The Court reserves jurisdiction to tax costs in favor of the Defendants.