DOWNEY, Judge.
James I. Adams and others filed a class action suit against David L. Reid, Property Appraiser of Palm Beach County, and others for declaratory and monetary relief relative to the ad valorem tax assessment for the year 1978. From a final order dismissing their Second Amended Complaint plaintiffs perfected this plenary appeal.
*1183 In pertinent part, the general allegations of the Second Amended Complaint are that the suit was brought on behalf of condominium owners who “suffered increases in valuation of their apartments for the year 1978 for ad valorem tax purposes,” none of whom sought administrative relief from said assessments. On January 1, 1978, there were approximately 1,567 condominium apartment buildings or complexes containing approximately 62,413 dwelling units in Palm Beach County. The property appraiser reviewed for valuation purposes only approximately 200 of said condominium buildings or complexes, resulting in the reassessment of condominium apartment dwelling units in only approximately 150 of said buildings within Palm Beach County. The Property Appraiser failed to reassess any single family dwelling properties in the county other than those sold, demolished, or under significant improvement. He also failed to reassess a significant percentage of the commercial property for the 1978 tax assessment period.
After the foregoing general allegations, Count I of the Second Amended Complaint asserts in material part that the appellants’ condominium apartment units were singled out to suffer an increase in tax assessment while substantially all other condominium apartments in the county were systematically and intentionally omitted from the increased tax assessment and therefore those other apartments were assessed at a lower valuation than appellants’, resulting in unjust and unequal valuations constituting unequal protection of the law in violation of the Florida and Federal Constitutions and thereby placing a greater tax burden on appellants than that borne by other taxpayers. To the extent of the tax attributable to the increase of the 1978 assessment over 1977 levels appellants have been taxed unequally in comparison to substantially all of the other residents of Palm Beach County. Finally, appellants allege that the appraiser intentionally selected appellants’ properties for increased 1978 assessments in violation of law, which resulted in valuations unjust and unequal, abstractly and relatively, and further resulted in having substantially all other property in the county being systematically assessed at a value less than the assessments of appellants’ property, thereby singling out and specifically discriminating against appellants vis-a-vis the other taxpayers generally in Palm Beach County. Count I concludes with a prayer for: a declaration that the 1978 tax assessments of appellants’ property are void; a decree ordering a reduction in said assessments to 1977 levels; and a refund of excess payments of 1978 taxes in the amount of the excess taxes paid.
Count II seeks similar relief based on the Appraiser’s alleged failure to observe the mandatory requirements of Sections 193.-023(1) and 192.011, Florida Statutes (1977).
The trial court dismissed the Second Amended Complaint because it found that, under the allegations of said complaint, the assessments were, at most, voidable rather than void, requiring appellants (who had not sought any administrative remedy) to exhaust their administrative remedies as a condition precedent to judicial relief. Our study of the case (Deltona Corporation v. Bailey, 336 So.2d 1163 (Fla.1976)) upon which both sides placed primary reliance below to support their antagonistic positions and which both sides cite here for their position leads us to conclude that the trial court’s finding is erroneous. ‘Thus, we must reverse.
As recited earlier in this opinion appellants alleged their 1978 tax assessments were examined and increased over 1977 while others were examined and not increased and still others were not examined at all. In addition, it is charged that single family residences and significant commercial property was not examined for the 1978 tax year.
Appellees argue that the failure of appellants to allege that their properties were assessed in excess of “just value” or that other properties examined which did not incur an increased tax assessment were assessed at less than “just value” and that the single family dwellings in the county and the “significant percentage of commercial *1184 property” not examined were not assessed at “just value” is significant and supports affirmance. However, appellee seems to ignore appellants’ allegations that the Property Appraiser has systematically and intentionally increased appellants’ assessments so that they are higher than the assessments of substantially all other property in the county, thereby specifically discriminating against appellants in relation to all other taxpayers in the county.
In Deltona Corporation v. Bailey, 336 So.2d 1163 (Fla.1976), the taxpayer alleged that the Assessor had reassessed the taxpayer’s property at a value higher than its lawful value and at a level higher than the general level of assessment for similar properties in Volusia County, thereby requiring one taxpayer to bear a disproportionate and unequal share of the county tax burden and violating the taxpayer’s right to equal protection. The Supreme Court pointed out that those allegations omitted an essential element to a cause of action, viz., an allegation that a11 or substantially all of the other property in the county was systematically assessed at a value less than the value at which the taxpayer’s property was assessed. For emphasis we quote the pertinent portion of the opinion:
Although the quoted allegations appear to contain the elements required by Salter [Dade County v. Salter, 194 So.2d 587 (Fla.1967)] and Southern Bell Tel. & Tel. Co. [v. County of Dade, 275 So.2d 4 (Fla.1973)], a reading of Count II in its entirety indicates that an essential element is missing. Deltona fails to allege that all (or even substantially all) other property in the county is systematically assessed at a value less than the assessment of Delto-na’s property. When speaking of the general level of assessments in the county the amended complaint avers that Delto-na’s property is assessed at a level higher than the general level of assessment for similar properties in Volusia County, Florida. Since Deltona failed to plead that it is being “singled out” and specifically discriminated against vis-a-vis the other taxpayers generally in Volusia County, it has no standing to challenge its assessment on equal protection grounds, for that is an essential ingredient in Salter and Southern Bell.
336 So.2d at 1168.
Appellants have taken the lesson of Deltona, filled in the missing ingredients, and thus met their pleading burden to state a cause of action. Thus, taking the allegations of the complaint as true, as we must on a motion to dismiss, the Property Appraiser’s actions constitute a purposefully discriminatory assessment, when one compares appellants with substantially all other taxpayers in the county, and thus the assessments are void. See Coe v. ITT Community Development Corp., 349 So.2d 654, 657 (Fla. 1st DCA 1977), quashed on other grounds, 362 So.2d 8. Given a void assessment the appellants are entitled to seek relief in the circuit court without complying with the doctrine of primary jurisdiction by exhaustion of available administrative remedies.
Appellants via two other points on appeal argue that, because of the provisions of two statutes dealing with tax assessments, the final judgment should be reversed. Neither argument has merit.
However, because we hold that the Second Amended Complaint contains sufficient factual allegations, which, if proved, would demonstrate that the assessments in question were void, we reverse the final judgment of dismissal with prejudice and remand the cause with directions that the circuit court reinstate appellants’ second amended complaint.
REVERSED AND REMANDED, with directions.
LETTS, C. J., and GEIGER, DWIGHT L., Jr., Associate Judge, concur.