416 So.2d 2 (1982)
Stephen MUSS and the Estate of Alexander Muss, D/B/a Seacoast Towers North, Seacoast Towers Miami Beach, Inc., a New York Corporation, Appellants,
v.
A.H. BLAKE, Property Appraiser of Dade County, Florida, Harry L. Coe, Director of the Department of Revenue, Appellees.
No. 81-1445.
District Court of Appeal of Florida, Third District.
May 25, 1982.
Rehearing Denied July 19, 1982.
*3 Lapidus & Stettin and Richard L. Lapidus, Miami, for appellants.
Robert A. Ginsburg and Vicki J. Jay, Miami, for appellees.
Before HUBBART, C.J., DANIEL S. PEARSON, J., and EZELL, BOYCE F., Jr. (Ret.) Associate Judge.
PER CURIAM.
We affirm the final judgment in favor of the appellees, which reinstated the Dade County Property Appraiser's assessment for the 1978 tax year on Seacoast Towers North, an apartment building owned by the appellant-taxpayers. The Property Appraiser, as the initiator of the de novo proceeding in the Circuit Court, see Section 194.032(6)(a)2, Florida Statutes (1977), satisfied his burden of showing that his preliminary assessment was made in substantial compliance with Section 193.011, Florida Statutes (1977); the taxpayers failed to satisfy their burden to overcome the presumptive correctness of the Property Appraiser's assessment by showing that there was no reasonable hypothesis to support the Property Appraiser's assessment; and the reduced valuation made by the Property Appraisal Adjustment Board, as the trial court impliedly and presciently determined, constituted no evidence in the de novo proceeding of the property's value. Bystrom v. Equitable Life Assurance Society of the United States, 416 So.2d 1133 (Fla. 3d DCA 1982).
Affirmed.