445 So.2d 1096 (1984)
The GREENS OF INVERRARY CONDOMINIUM ASSOCIATION PHASE I, INC., Appellant,
v.
Floyd JOHNSON, Clerk of Broward County Property Appraisal Adjustment Board, Appellee.
No. 82-2048.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
Rehearing Denied March 20, 1984.
Mark B. Schorr of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for appellant.
Harry A. Stewart, Gen. Counsel, Susan F. Delegal and Larry E. Lymas-Johnson, Asst. Gen. Counsel, Broward County, Fort Lauderdale, for appellee.
HERSEY, Judge.
This is an appeal from a final order quashing an order to show cause and dismissing a petition for writ of mandamus in an action by a condominium association against the Broward County Property Appraiser regarding valuation adjustments.
*1097 After the owners of condominium units at the Greens of Inverrary each received a "Notice of Proposed Property Taxes" ("TRIM" notice) showing their newly assessed property valuations, the appellant condominium association attempted to file a petition for adjustment with the Property Appraisal Adjustment Board on behalf of all unit owners. The Property Appraiser and appellee, Johnson, Clerk of the Board, served notice on the owners that such class action petitions would not be accepted. Appellant filed a petition for a writ of mandamus requiring appellee to accept the class petitions. The lower court dismissed the petition for mandamus.
The legal issue presented for review is WHETHER A CONDOMINIUM ASSOCIATION HAS A CLEAR LEGAL RIGHT TO FILE A CLASS ACTION PETITION ADDRESSED TO A PROPERTY APPRAISAL ADJUSTMENT BOARD CONTESTING THE APPRAISED VALUATION OF THE INDIVIDUAL CONDOMINIUM PARCELS IN THE CONDOMINIUM.
A taxpayer who objects to his assessed valuation may seek relief by means of administrative review at an informal conference with the Property Appraiser (Section 194.011, Florida Statutes (1981)) or at a hearing before the Property Appraisal Adjustment Board (Section 194.032, Florida Statutes (1981)) or by means of judicial review in the circuit court (Section 194.171, Florida Statutes (1981)). Section 194.181, Florida Statutes (1981), provides that
(1) The plaintiff in any tax suit shall be:
(a) The taxpayer contesting the assessment of any tax, the payment of which he is responsible for under the law; or
(b) The property appraiser... .
Taxpayer is defined as "the person or other legal entity in whose name the property is assessed." § 192.001(13), Fla. Stat. (1981). This definition was amended by Laws 1982, Chapter 82-226 § 53, effective January 1, 1983 to state: "the person or other legal entity in whose name property is assessed, including an agent of a time-share period titleholder." Clearly, the condominium association is not the taxpayer under the statutory definition.
The remaining question is whether the various unit owners constitute a class for which the association may act as the taxpayers' agent.
By statute the condominium association is granted the following powers:
(2) The association may contract, sue, or be sued with respect to the exercise or nonexercise of its powers. For these purposes, the powers of the association include, but are not limited to, the maintenance, management, and operation of the condominium property. After control of the association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action. Nothing herein limits any statutory or common-law right of any individual unit owner or class of unit owners to bring any action which may otherwise be available. [Emphasis added.]
§ 718.111(2), Fla. Stat. (1981); Fla.R.Civ.P. 1.221.
Therefore, in essence, the association may act on behalf of the unit owners as to those matters in which the owners have a common interest. In refusing to modify Rule 1.220(b) (present Rule 1.221), Florida Rules of Civil Procedure, the supreme court concurred in respondent's assertions

*1098 that the rule is necessary and that public policy is advanced by expressly declaring condominium association members a class as a matter of law without the necessity for pleading or proving the traditional seven class action elements enunciated in Frankel [v. Miami Beach, 340 So.2d 463] and Harrell [v. Hess Oil & Chemical Corp., 287 So.2d 291], supra. Respondent's position essentially is that the elements traditionally required to establish the efficacy of a class are inherent in a condominium association relationship making pleading and proof of such elements unnecessary and burdensome. This position is reinforced by the argument that individual association members are protected from capricious or arbitrary class actions by the governing authority of the association through provisions of Chapter 718, Florida Statutes (Supp. 1976), as well as decisions which impose a fiduciary duty upon the governing body of such associations to afford due process and equal protection to its members. See McCune v. Wilson, 237 So.2d 169 (Fla. 1970), and Franklin v. White Egret Condominium, Inc. [358 So.2d 1084] (Fla. 4th DCA 1977).
In Re Rule 1.220(b), Florida Rules of Civil Procedure (Petition to Modify), 353 So.2d 95, 97 (Fla. 1977).
We take the issue whether the owners of these parcels can join together in a class action before the Property Appraisal Adjustment Board to be synonymous with the question whether they could ultimately proceed to litigation in that posture.
This court has held that a complaint in a class action brought by condominium owners against the county Property Appraiser for declaratory and monetary relief as to an ad valorem tax assessment alleged sufficient facts to survive a motion to dismiss. Adams v. Reid, 396 So.2d 1182 (Fla. 4th DCA 1981). In Adams the complaint alleged the county Property Appraiser singled out the appellant condominium apartments to suffer an increase in taxes while substantially all other condominium complexes in the county were intentionally omitted from increased tax assessment and hence were assessed at a lower valuation. That case makes it clear that a class action is proper where discrimination against the class is alleged. On the basis of this "common interest" it can be inferred that in such a case the condominium association would be a permissible plaintiff pursuant to Section 718.111(2), Florida Statutes (1981) and Rule 1.221, Florida Rules of Civil Procedure. Such blanket allegations were not advanced in the present case and review of the record convinces us that they could not be. Each condominium unit is a separate taxable parcel and absent a claim that some aberration in the assessment process is common to every such parcel there is not that "common interest" upon which the applicable statute and rule can operate to permit a class action.
We conclude that the permissibility of a class action by the condominium association under Rule 1.221 is dependent upon the facts alleged. In the instant case the facts alleged in the petition demonstrate that the issues involved do not concern matters of common interest such that the condominium association is a proper party and on that basis we affirm.
AFFIRMED.
DOWNEY, J., concurs.
BERANEK, J., dissents with opinion.
BERANEK, Judge, dissenting.
I dissent. The clerk should have accepted the class petitions for filing and the trial court should have granted mandamus to this effect.