467 So.2d 1041 (1985)
VERO BEACH SHORES, INC., a Florida Corporation, Appellant,
v.
David C. NOLTE, As Property Appraiser of Indian River County, Appellee.
No. 84-978.
District Court of Appeal of Florida, Fourth District.
March 27, 1985.
Rehearing, Rehearing and Certification Denied May 15, 1985.
Paul Mendelson and Clifford M. Miller of Miller & Miller, Vero Beach, for appellant.
Robert Jackson of Robert Jackson, P.A., Vero Beach, for appellee.
Rehearing, Rehearing En Banc and Certification Denied May 15, 1985.
HERSEY, Judge.
Vero Beach Shores, Inc., contests the valuation placed upon its real property for ad valorem tax purposes.
*1042 Appellant's property, located in Indian River County, was valued by the property appraiser at $162,380 for tax year 1983. Upon application by appellant the Property Appraisal Adjustment Board reduced the appraised value to $12,610. The reasons for the reduction were said to be that the property appraiser failed to consider one or more of the statutory criteria set forth in section 193.011, Florida Statutes (1983), and that the comparable sales used to determine value were not in fact comparable.
The matter then went to the circuit court which reversed the Property Appraisal Adjustment Board's determination and, after making an adjustment for an error in acreage, reinstated the original appraisal at an adjusted valuation of $147,050. The trial court found that appellee, the property appraiser, had considered all eight of the statutory factors and that the comparable sales, while not involving completely similar properties, were in fact "comparable" and adjustments had been made to take dissimilarities into account. We agree and affirm.
In arriving at just valuation, appellee was required to consider the following factors:
(1) The present cash value of the property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length;
(2) The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property, taking into consideration any applicable local or state land use regulation and considering any moratorium imposed by executive order, law, ordinance, regulation, resolution, or proclamation adopted by any governmental body or agency or the Governor when the moratorium prohibits or restricts the development or improvement of property as otherwise authorized by applicable law;
(3) The location of said property;
(4) The quantity or size of said property;
(5) The cost of said property and the present replacement value of any improvements thereon;
(6) The condition of said property;
(7) The income from said property; and
(8) The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements. When the net proceeds of the sale of any property are utilized, directly or indirectly, in the determination of just valuation of realty of the sold parcel or any other parcel under the provisions of this section, the property appraiser, for the purposes of such determination, shall exclude any portion of such net proceeds attributable to payments for household furnishings or other items of personal property.
§ 193.011, Fla. Stat. (1983).
Appellant complains that the cost of the property(ies) was not taken into account by the property appraiser; thus, the appraisal is invalid. This conclusion is based upon the testimony of Doris Date, the chief residential land appraiser in the office of the property appraiser, who responded "no" to an inquiry by the court as to whether the original cost of the property had been considered in making the appraisal. The answer is misleading, however. Subsequent testimony explained that she simply did not attach much significance to the original price in that "what he paid for it several years ago really doesn't equate to today's value." While all of the statutory factors must be considered in making an appraisal under the statutory scheme, they may be variously weighted by the appraiser or discarded entirely where they are not, under the circumstances, probative of present value.
Thus, in Bystrom v. Valencia Center, Inc., 432 So.2d 108 (Fla. 3d DCA 1983), rev. *1043 denied, 444 So.2d 418 (Fla. 1984), the Dade County Property Appraisal Adjustment Board lowered the property appraiser's valuation. The property appraiser brought suit, and the trial court reinstated the appraiser's determination. The court said that the guidelines in section 193.011, Florida Statutes (1983), are of particular use when there are no comparable sales. When there are comparable sales, the appraiser necessarily considers all, and uses some, of the factors.
Appellant further argues that the appraisal is invalid because appellee failed to give proper consideration to the highest and best use to which the property can be expected to be put in the immediate future. Appellee determined that the highest and best use of the property was for speculative investment, or, in connection with developing the upland portion of the property, by transferring density credits. These were the only feasible uses for the property, since some portions were completely submerged all year, and some portions were inundated for part of the year. The statute requires that appellee consider the highest and best use to which the property could be expected to be put in the immediate future. Appellant argues that appellee considered potential uses at some indefinite future time, because appellee did not know when or even if permits for development of the uplands could be obtained.
Atlantic International Investment Corp. v. Turner, 383 So.2d 919 (Fla. 5th DCA 1980), is instructive. There, the owner's property had both high and low lands. The owner's expert testified that the property had only nominal value ($150 to $200 per acre), because of governmental delays in obtaining permits to develop the land into a subdivision. The owner contended that the delays constituted a moratorium which prevented development and rendered the property useless. The property appraiser argued that he had considered the owner's delays, and had therefore lowered his appraisal from $1,500 to $700 per acre. The court said that the existence of a "moratorium" is only one of the factors listed in section 193.011, Florida Statutes (1983). It should not be the sole consideration, absent a showing that the moratorium or delayed development is permanent.
In the present case, appellant also had encountered permit problems; however, it is not known whether or not appellant's problems are permanent, because no action has been taken on them since 1976. Further, appellee was aware that appellant had been denied permits to develop, but appellee nevertheless determined that the property had value as a speculative investment. Comparable sales data over recent years indicated that the purchase price of wetlands in the county had ranged from $3,000 to $3,900 per acre, even when the wetlands could not be developed.
In Lanier v. Walt Disney World Co., 316 So.2d 59 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 19 (Fla. 1976), the property in question was located near Disney World. It was not being used by the owner but was held for speculation. This court said that, in arriving at just value, an assessment based on speculative use is a fair one.
Appellant argues that an assessor may consider speculative investment use only if there is a present demand for the property. However, the court in Walt Disney World Co. did not impose the requirement of a present demand. Appellant's reliance on Williams v. Simpson, 209 So.2d 262 (Fla. 1st DCA), cert. denied, 212 So.2d 629 (Fla. 1968), is similarly misplaced.
In the present case, it is proper to consider speculative investment as the highest and best use. If there is no present demand for the property, that will affect the value which the appraiser attached to it. In this situation the comparable sales data is most helpful because it indicates demand for property comparable to the subject property.
The final issue requiring resolution is the standard of review applicable where the property appraiser's valuation has been overturned by an administrative board and subsequently reinstated upon appeal to the circuit court. Such an analysis begins with *1044 the premise that, if the property appraiser's valuation was lawfully formulated in compliance with section 193.011, Florida Statutes (1983), that valuation enjoys a presumption of correctness which accompanies it to the trial court and upon subsequent appeal.
Thus, in Blake v. Xerox Corp., 447 So.2d 1348 (Fla. 1984), the taxpayer contested the property appraiser's assessment of leased personal property. The taxpayer contended that the appraiser should have used the income capitalization method rather than looking at list prices adjusted for depreciation. The trial court ruled for the appraiser, finding that he had properly considered the statutory factors. The court also agreed with the appraiser's method of calculation, rather than the taxpayer's. The appellate court reversed, stating that the taxpayer's income capitalization method was better. The Florida Supreme Court quashed the district court's decision because the latter had applied an erroneous standard of review. The court said that neither the trial court nor the appellate court should have considered the issue of which method was superior. The appellate court should have affirmed the trial court simply on the ground that the appraiser's determination was lawfully arrived at and was supported by a reasonable hypothesis of correctness.
The remaining question is what effect the administrative board's contrary determination has on the presumption of correctness. Under the circumstances present in this case we hold that the presumption survives intact in spite of the Board's action. In our view the presumption of correctness dissolves only when the appraiser is disentitled to the presumption by failing to substantially comply with section 193.011, Florida Statutes (1983). In fact, the Board's valuation is meaningless if the variance is large enough to allow the appraiser to initiate an action in the circuit court. Bystrom v. Equitable Life Assurance Society of the United States, 416 So.2d 1133 (Fla.3d DCA 1982), rev. denied, 429 So.2d 5 (Fla. 1983), concurring opinion of Pearson, J., joined in by Hubbart, C.J.
In this case, appellee did not disentitle itself to the presumption of correctness; it did comply with the statute. The Board's valuation is not entitled to special weight, because the variance was large enough to allow appellee to bring suit under section 194.036(1)(b), Florida Statutes (1983).
We therefore affirm.
AFFIRMED.
GLICKSTEIN and DELL, JJ., concur.