PER CURIAM.
The final judgment under review is reversed and the cause is remanded to the trial court with directions to sustain the claim of the property appraiser Franklin B. Bystrom filed below. We reach this result based on the following briefly stated legal analysis.
First, the testimony below establishes that the property appraiser herein considered each of the eight criteria listed in Section 193.011, Florida Statutes (1979) in assessing the subject property for ad valorem tax purposes. Second, this being so, the property appraiser satisfied his burden of proving his claim that his original property assessment should be reinstated and the Property Appraisal Adjustment Board’s reduction thereof rescinded; moreover, the burden then shifted to the taxpayer “not merely to establish that the taxpayer’s evidence as to valuation of the property [was] more convincing than the property appraiser’s, but rather to overcome the property appraiser’s assessment by excluding every reasonable hypothesis of a legal assessment.” Bystrom v. Equitable Life Assurance Society of the United States, 416 So.2d 1133, 1146 (Fla. 3d DCA 1982) (Pearson, Hubbart, JJ., concurring), pet. for review denied, 429 So.2d 5 (Fla.1983); see Blake v. Xerox, 447 So.2d 1348, 1350 (Fla.1984); Straughn v. Tuck, 354 So.2d 368, 371 (Fla.1978); District School Board of Lee County v. Askew, 278 So.2d 272, 277 (Fla.1973). Third, the taxpayer’s evidence presented below fell far short of sustaining his above-stated burden of proof in this action as his expert witness — the only witness which he presented below — testified, at best, to a lower valuation of the subject property as being more reasonable under the circumstances, not that the property appraiser’s valuation was arbitrary and had no reasonable basis whatever. See Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834, 838 (Fla.1969); Powell v. Kelly, 223 So.2d 305, 307 (Fla.1969); Muss v. Blake, 416 So.2d 2 (Fla. 3d DCA), pet. for review denied, 424 So.2d 762 (Fla.1982). Fourth, the trial court was therefore in error in denying the property appraiser’s claim below.
Reversed and remanded.