SHIVERS, Judge.
Department of Revenue, State of Florida (DOR) appeals final summary judgment that no documentary stamp tax is due on a deed of an interest in realty from Florida Power & Light Company to Florida Municipal Power Agency (FMPA). We affirm.
FMPA is a legal entity, made up of 25 Florida municipalities. DOR and FMPA agree that FMPA is not liable for the payment of the documentary stamp tax, but DOR contends that Florida Power & Light is liable.
Prior to the incident transaction a substantial number of FMPA member cities were plaintiffs in protracted antitrust litigation against Florida Power & Light Company both in the Federal District Court for the Southern District of Florida and as parties through intervention before the United States Nuclear Regulatory Commission wherein Florida Power & Light was seeking licensing of St. Lucie Unit No. 2 Nuclear Power Plant. In these proceedings, FMPA member cities, pursuant to 42 USCA § 2135, were seeking to acquire ownership of a portion of St. Lucie Unit No. 2 from Florida Power & Light. Florida Power & Light contested the divestiture of any portion of St. Lucie Unit No. 2. In settlement of this litigation, certain amendments were required by the Nuclear Regulatory Commission on Florida Power & Light’s license for St. Lucie Unit No. 2. One such amendment was a requirement that a percentage ownership in St. Lucie Unit No. 2 be sold by Florida Power & Light to Florida Municipal Power Agency. The license amendments and resulting Participation Agreement culminated in execution of the conveyance by Florida Power & Light to FMPA of an 8.806% interest in the nuclear plant. Documentary stamps, based on the value of the realty conveyed, were paid by FMPA under protest. (As a part of the Agreement, FMPA had agreed to pay the documentary stamp tax.) FMPA then made application for refund. DOR granted and made full refund to FMPA of $593,-237.25 it had paid for the documentary stamps. DOR then assessed Florida Power & Light for the tax. Since, under its agreement it would be liable ultimately for the tax, FMPA filed action for declaratory judgment in the trial court. DOR moved to dismiss, contending lack of standing by FMPA, but this motion was denied. FMPA filed motion for summary judgment, which the trial court granted, holding no taxes are due DOR, and it is from this judgment that DOR appeals.
DOR raises three issues:
*1350 1. Whether FMPA is the proper party to challenge assessment of the documentary stamp tax which has been issued against Florida Power & Light.
2. Whether the trial court erred in ruling the conveyance was not subject to the documentary stamp tax.
3. Whether the parties’ agreement, effective between themselves as to the payment of taxes, is effective against the State.
The first issue is the question of standing. Since FMPA, by contract, would be responsible for the payment of any tax assessed upon Florida Power & Light, it is the real party in interest under Fla.R.Civ.P. 1.210(a) and may bring the action.
On the second issue, we are concerned with whether the conveyance is subject to the Chapter 201 documentary stamp tax. The trial court’s judgment noted approval of the rationale of Arvida Corporation v. Department of Revenue, State of Florida, Case No. 74-1341-CA-01, Circuit Court, Sarasota County, affirmed without opinion 378 So.2d 355 (Fla. 2d DCA 1980), cert. denied, 383 So.2d 1192 (Fla.1980). In that case, Arvida Corporation transferred to Sarasota County a tract of land under threat of condemnation. DOR sought to impose the Chapter 201 documentary stamp taxes on Arvida. The court ruled no tax could be imposed. Subsequent to the Arvida case, DOR promulgated Rule 12B-4.14(15)(b), which expanded the exemption granted in condemnation proceedings to conveyances made under threat of condemnation.
In a condemnation proceeding the landowner is compensated for the value of the property taken by the governmental entity. To impose a tax upon the conveyance would be an indirect tax on a tax immune body, the condemning governmental body. See Lewis v. The Florida Bar, 372 So.2d 1121 (Fla.1979).
FMPA asserts that the conveyance from Florida Power & Light was tantamount to a condemnation action. It argues that, unless participation from other utilities was allowed, the NRC, pursuant to 42 U.S.C.A. § 2135 could refuse to grant Florida Power & Light an operating license. Further, since FMPA was required to pay Florida Power & Light value of the interest acquired, this situation is identical to that of condemnation.
42 U.S.C.A. § 2135 is the legislative expression of policy against anticompetitive forces in the field of nuclear energy. Subsection (c)(6) directs the NRC to “issue or continue a license as applied for, to refuse to issue a license, or rescind a license or amend it, and to issue a license with such conditions as it deems appropriate,” where the licensed activity would create or maintain a situation inconsistent with the antitrust laws set out in subsection (a).
In Alabama Power Co. v. Nuclear Regulatory Commission, 692 F.2d 1362 (11th Cir.1982), the court held this included the power to require the sale of ownership interest in a nuclear facility. Thus, an involuntary divestiture of private property may be mandated in licensing of nuclear plants as in condemnation cases.
DOR argues that the participation agreement arose out of a settlement, and that, therefore, the transfer was voluntary and is taxable. Rule 12B-4.14(15)(b) deems transactions made under threat of condemnation nontaxable. In the instant case, FMPA had filed for ownership participation hefore the NRC and had filed an antitrust action in Federal court.
The only distinction between the present case and the condemnation case is the fact that in a condemnation case once the governmental entity decides to take the property the only issue is the value of the property taken. Here, Florida Power & Light was faced with a potential taking only upon the finding of the anticompetitiveness of the venture. It is uncontradicted that Florida Power & Light vigorously opposed the participation of FMPA in the St. Lucie # 2 unit. Also, Robert A. Jablon, the attorney who represented the participant members of FMPA in securing ownership participation, stated in his affidavit in support of *1351 the motion for summary judgment that “[t]he subsequent transfer represented by the Special Warranty Deed and Bill of Sale ... was a direct result of the NRC-imposed license conditions.”
We conclude and equate the case sub judice with one in which condemnation is threatened, and therefore nontaxable under Rule 12B-4.14(15)(b).
As to the third and final issue, we agree with DOR that the fact that the parties to the transaction have entered into effective agreement between themselves as to which of the parties will pay the documentary stamp tax, should not and does not mean that such agreement is effective against DOR. This, though, is not determinative of the case here. It is the transaction’s forced nature, its raison d’etre, that has persuaded us to affirm the trial court.
AFFIRMED.
ERVIN and JOANOS, JJ., concur.