NESBITT, Judge.
The Dade County Property Appraiser, et al., brought this appeal to contest the trial court’s final judgment overturning the Appraiser’s valuation of the Bal Harbour 101 Condominium. We reverse the judgment and reinstate the Appraiser’s assessment of the property value.
The action below was instituted by the appellees following a valuation increase of ten per cent of the Bal Harbour condominium units by the Appraiser for tax assessment purposes. The appellees contended, at a non-jury trial below, that the Appraiser’s valuation was excessive. It was their *1313 contention that this was a result of the Appraiser’s impermissible consideration of prior year’s assessments as well as his failure to consider all of the required factors under section 193.011, Florida Statutes (1985). The appellees presented expert testimony concerning the appraisal of the condominium units which conflicted with both the Appraiser’s method of valuation and his estimation of the actual value. The Appraiser presented evidence to show that the valuation was based upon prior sales of other similar units within the same building.
The trial court then entered judgment for the taxpayers, overturning the Appraiser’s valuation and substituting the valuation testified to by the appellees’ expert. The judgment stated that the assessment for 1984:
was made arbitrarily and without consideration of the enumerated factors as set forth in Florida Statute 193.011. The Plaintiffs have therefore overcome the presumptions of validity and correctness in favor of the Defendant FRANKLIN B. BYSTROM’s 1984 assessment.
“[Tjlie presumption of correctness dissolves only when the appraiser is disen-titled to the presumption by failing to substantially comply with section 193.011.” Vero Beach Shores, Inc. v. Nolte, 467 So.2d 1041, 1044 (Fla. 4th DCA 1985). The Appraiser testified to the fact that since there was recent data available concerning the sales of similarly situated units the “market approach” was used in arriving at the valuation of the property. This court has previously held that where an appraisal is based on sales of comparable properties the Appraiser “necessarily considers all, and uses some, of the factors set forth in section 193.011.” Bystrom v. Valencia Center, Inc., 432 So.2d 108, 110 (Fla. 3d DCA 1983), review denied, 444 So.2d 418 (Fla.1984); accord Nolte, 467 So.2d at 1042-43. Furthermore, there was not sufficient evidence to support appellees’ contention that the Appraiser’s decision to raise the valuation of the property was based on the fact that the assessment of the property had never been raised before, and in fact, the trial court’s order does not rely on this issue. Consequently, the trial court erred in holding that the valuation reached by the Appraiser had lost its entitlement to be presumed correct.
Since the Appraiser substantially complied with section 193.011, his valuation is entitled to the same presumption of correctness on appeal of the trial court’s judgment as it was below. Markham v. June Rose, 495 So.2d 865 (Fla. 4th DCA 1986); see also Nolte, 467 So.2d at 1041. Therefore, the mere fact that the taxpayers disagree with either the weight to be accorded each factor or the method to be utilized in arriving at the valuation of the property is not a sufficient reason to overturn the Appraiser’s valuation. See Blake v. Xerox Corp., 447 So.2d 1348 (Fla.1984) (method of valuation is within discretion of appraiser so long as the determination is lawfully arrived at and within the reasonable range of appraisals); Bath Club, Inc. v. Dade County, 394 So.2d 110 (Fla.1981) (weight accorded to each factor in assessing value is within discretion of appraiser); Straughn v. Tuck, 354 So.2d 368 (Fla.1977) (same); Daniel v. Canterbury Towers, Inc., 462 So.2d 497 (Fla. 2d DCA 1984) (weight accorded each factor and method used to reach valuation within appraiser’s discretion); Blake v. Oceancoast Corp., 417 So.2d 1002 (Fla. 3d DCA), review denied, 424 So.2d 762 (Fla.1982) (weight accorded each factor within appraiser’s discretion); Bystrom v. Equitable Life Assurance Soc’y of the United States, 416 So.2d 1133 (Fla. 3d DCA 1982) (method used in valuation within discretion of appraiser), review denied, 429 So.2d 5 (Fla.1983).
The taxpayers had the burden of presenting proof which excluded “every reasonable hypothesis of a legal assessment.” Colder Race Course, Inc. v. Overstreet, 363 So.2d 631 (Fla. 3d DCA 1978). The taxpayers failed to demonstrate that the valuation reached by the Appraiser was outside of the range of reasonable hypotheses. In fact, the appellees’ own expert testified that if he reduced the amounts áttributable to personal property in his own valuation, then the valuation reached by *1314 the Appraiser could fall within the expert’s own valuation range. The expert further testified that the assessment of personal property is a judgment call. This type of judgment is within the Appraiser’s discretion in valuing property for ad valorem tax purposes and should not be overturned absent proof that the Appraiser’s valuation was arbitrary and unsupported by any reasonable hypothesis. See Xerox, 447 So.2d at 1350 (if assessment is within the range of reasonable appraisals it will be upheld); Powell v. Kelly, 223 So.2d 305 (Fla.1969) (appraisal of real estate is an art not a science); Bystrom v. Bloom, 472 So.2d 819 (Fla. 3d DCA 1985) (though a lower valuation under the circumstances might be more reasonable, the appraiser’s valuation will not be disturbed absent a showing that it was arbitrary and had no reasonable basis), review denied, 482 So.2d 347 (Fla. 1986). Therefore, the trial court erred in overturning the Appraiser’s valuation. Accordingly, the judgment under review is
Reversed, and we reinstate the Appraiser’s valuation for all of the units in the Bal Harbour 101 Condominium.