520 So.2d 84 (1988)
BONAVISTA CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Franklin BYSTROM, Dade County Property Appraiser, et al., Appellees.
No. 87-1143.
District Court of Appeal of Florida, Third District.
February 16, 1988.
Hughes, Hubbard & Reed and Ronald A. Silver and Gary Langan Goodenow, Miami, for appellant.
Robert A. Ginsburg, Co. Atty., and James K. Kracht, Asst. Co. Atty., for appellees.
Before HENDRY, NESBITT and BASKIN, JJ.
PER CURIAM.
Bonavista Condominium Association, Inc. appeals the granting of a motion to dismiss with prejudice for failure to join necessary and indispensable parties to its ad valorem tax suit against the Dade County property appraiser and director of revenue. We affirm the dismissal.
Bonavista Condominium Association, Inc. (BCA) filed a lawsuit contesting the individual tax assessments on 150 separately owned, occupied, and taxed condominium units located within the BCA project. In response, the defendant taxing authorities filed a motion to dismiss for lack of subject matter jurisdiction based on the failure of BCA to join necessary and indispensable parties, to wit: the individual condominium owners and the executive director of the Florida Department of Revenue. A hearing on the motion to dismiss was held. The trial judge offered BCA leave to amend its complaint to include the above-mentioned parties; the association declined, and the judge then granted the motion to dismiss with prejudice.[1] From that order, this appeal ensued.
*85 The appellant condominium association maintains that it is entitled to bring this action on its own without joining individual condominium owners based upon section 718.111(3), Florida Statutes (Supp. 1986), which empowers a condominium association, among other things, to "protest[] ad valorem taxes on commonly used facilities and on units." BCA further claims that, according to the language of section 718.111(3), a condominium association is entitled to maintain a suit contesting tax assessments on individual units that it does not own. Finally, BCA asserts that it should not be required to join the executive director of the Florida Department of Revenue as a party because its complaint alleges a violation of the owners' due process rights based on the fourteenth amendment of the United States Constitution and not based on the Florida Constitution. While we express qualified agreement with a portion of appellant's argument, we otherwise disagree and thus affirm the trial court's order.
First, in deciding whether the legislature intended the individual condominium owners to be indispensable parties to a suit challenging the tax assessment on each of their properties, it is helpful to refer to 49 Fla.Jur.2d Statutes § 175 (1984). The relevant portion of that section states: "Statutes that relate to the same person or thing, to the same class of persons or things, or to the same or a closely allied subject or object, are regarded as in pari materia. Such enactments should be construed together and compared to each other." Here, the language of section 718.111(3) to be construed concerns the bringing of suits contesting ad valorem tax assessments. Longstanding common law, as well as common sense, requires it to be read in pari materia with other statutory provisions requiring the presence of individual taxpayers as indispensable parties in such challenges. Chapter 194, Florida Statutes (1985), and specifically section 194.181, entitled "Parties to a Tax Suit," calls for the joining of taxpayers as party plaintiffs when their tax assessments are challenged and at issue. See Department of Revenue v. Florida Mun. Power Agency, 473 So.2d 1348, 1350 (Fla. 1st DCA 1985), review denied, 482 So.2d 347 (Fla. 1986). Nothing in the language of section 718.111(3) negates the application of section 194.181. In fact, section 718.111(3) states that "[n]othing herein limits any statutory or common-law right of any individual unit owner or class of unit owners to bring any action which may otherwise be available." Thus, it is necessary to read section 718.111(3) as it applies to the condominium association's power to contract, sue and be sued, in pari materia with section 194.181 and its requirement that any taxpayer whose assessment is contested be joined as a party. Consequently, taxpayers are indispensable parties to such suits. See Bystrom v. Bal Harbour 101 Condominium Ass'n, 502 So.2d 1312 (Fla. 3d DCA 1987).
Ignoring section 194.181 requirements could result in condominium taxpayers who never consented to sue being hit with higher taxes, should the association be unsuccessful in its claim. Unauthorized assessment of attorney fees is another possibility. The potential harm is obvious.
The second issue to be determined is whether the legislature intended that a condominium association could be a plaintiff in ad valorem tax suits which contest assessments on individual units. The appellant condominium association contends that it may maintain the action and points to the language of section 718.111(3) which grants the association power to: "protest[] ad valorem taxes on commonly used facilities and on units."[2] In addition to the *86 statutory language, Bal Harbour 101, 502 So.2d at 1312 and Greens of Inverrary Condominium Ass'n v. Johnson, 445 So.2d 1096 (Fla. 4th DCA 1984) give guidance in resolving this issue. In both cases, condominium associations joined individual unit owners as plaintiffs in ad valorem tax suits. While neither case directly addressed the issue, the condominium associations were not denied standing in either case. Thus, according to the clear language of the statute and the granting of standing to the condominium associations in the cited cases, section 718.111(3) permits a condominium association to be a party to such suits.
Nevertheless, the condominium association's right to standing in ad valorem tax suits contesting assessments on individual units not owned by the association is limited by other language of section 718.111(3). The pertinent part of that section reads:
After control of the association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest (emphasis added), included but not limited to ... protesting ad valorem taxes on commonly used facilities and on units.
§ 718.111(3), Fla. Stat. (Supp. 1986). Appellant's complaint did not allege that the assessment challenge was based on matters of common interest to all unit owners. The individual tax assessments on 150 condominium units separately sold, owned, occupied, and taxed do not present a matter of common interest. "Each condominium unit is a separate taxable parcel and absent a claim that some aberration in the assessment process is common to every such parcel there is no `common interest' upon which the applicable statute ... can operate." Greens of Inverrary, 445 So.2d at 1098; see Bal Harbour 101, 502 So.2d at 1313. Therefore, while the unit owners might all share "in common" the fact that they are dissatisfied with their tax assessments, such general dissatisfaction is not sufficiently precise legal grounds upon which to base a claim.
We come to the final issue of whether it was correct for the trial judge to dismiss BCA's complaint for failure to join the executive director of the Florida Department of Revenue. The due process protections afforded by the fourteenth amendment of the United States Constitution are the same as those provided by article I, section 9 of the Florida Constitution. See Florida Canners Ass'n v. State, Dep't of Citrus, 371 So.2d 503, 513 (Fla. 2d DCA 1979); Florida High School Activities Ass'n v. Bradshaw, 369 So.2d 398 (Fla. 2d DCA 1979). The appellant cannot escape its statutory obligation under section 194.181(5), Florida Statutes (1985) to join the executive director of the Department of Revenue simply by alleging that its claim is brought under the federal constitution. The administrative efficiency which is promoted by requiring the director to be a party, as opposed to not joining him and thus requiring him to obtain, secondhand, court decisions affecting the execution of his responsibilities to taxpayers, far exceeds any expediency which may result from excluding him.
Therefore, we find that BCA erred in its refusal to join as plaintiffs individual condominium owners/taxpayers pursuant to section 194.181(1)(a) and as a defendant, the executive director of the Florida Department of Revenue, pursuant to section 194.181(5). BCA also erred by its failure to allege a common interest of all plaintiffs as required pursuant to section 718.111(3).
Accordingly, we affirm the trial court's order dismissing the complaint.
NOTES
[1] A further reason for dismissal was based on the trial court's finding that BCA failed to demonstrate that all taxes were paid on property involved in the suit as required by section 194.171, Florida Statutes (1985). We note that in its brief, BCA claims to have submitted proof that all necessary taxes had been paid. We also note that the defendant Dade County officials did not discuss this issue in their brief. We find it unnecessary to reach this issue in arriving at our decision.
[2] It is interesting to note the legislative history of section 718.111(3) as it pertains to the addition of the words "and on units." In the 1984 edition of Laws of Florida, the words "and units" are added as new language. Ch. 84-368, § 5, Laws of Fla. Perusal of the 1985 edition shows that no new language was added. However, in the 1986 Laws of Florida, the words "and on units" (emphasis added) appear even though "on" is not listed as new language. Ch. 86-175, § 5, Laws of Fla. There is no legislative history that explains why the words "and on units" were added.