584 So.2d 609 (1991)
BRAZILIAN COURT HOTEL CONDOMINIUM OWNERS ASSOCIATION, INC., and Sunbelt Savings, Fsb, Appellants,
v.
Rebecca E. WALKER, As Property Appraiser of Palm Beach County, Florida; Allen C. Clark, As Tax Collector of Palm Beach County, Florida; and J. Thomas Herndon, As Executive Director of the Department of Revenue, State of Florida, Appellees.
No. 90-2892.
District Court of Appeal of Florida, Fourth District.
August 7, 1991.
*610 Douglas R. Bald and David J. Baron, Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, for appellants.
Willa A. Fearrington, Arnstein & Lehr, West Palm Beach, and Law Offices of Gaylord A. Wood, Jr., Fort Lauderdale, for appellee Rebecca E. Walker, Property Appraiser.
Robert A. Butterworth, Atty. Gen., and Jean R. Wilson and Lee R. Rohe, Asst. Attys. Gen., Tallahassee, for appellee J. Thomas Herndon, Dept. of Revenue.
PER CURIAM.
Brazilian Hotel Condominium Owners Association, Inc. (the Association) and Sunbelt Savings, FSB (Sunbelt) filed a complaint against the property appraiser and the tax collector of Palm Beach County and the executive director of the Department of Revenue of Florida. They alleged that the assessed valuation of the property for the year 1988 was excessive and that the property appraiser assessed the property without considering the statutory criteria for just valuation.
Plaintiffs/appellants sought to maintain the action as a class action under Florida Rules of Civil Procedure 1.220(b)(2) or (3), and 1.221. They also sought certification of the Association as class representative under either rule and of Sunbelt under rule 1.220 only. The Association, incorporated pursuant to chapter 718 of the Florida Statutes, is composed of the individuals and partnerships who own one or more of the 134 condominium units in the Brazilian Court. Sunbelt owns four units and is the mortgagee of record by assignment on virtually all the units.
The trial court denied appellants' relief. We reverse the trial court's decision denying class certification under rule 1.221, but affirm its decision denying class certification under 1.220. We also reverse its denial of the Association as class representative and affirm its denial as to Sunbelt.
In our view, the key issue as to the Association is the legislative intent in amending what we deem to be the governing *611 statute; namely, section 194.181, Florida Statutes. At oral argument counsel for the Association and appellee, property appraiser, represented there was no further legislative history of the 1988 amendment to that section to assist the court in resolving the issue other than its title and body. The Department of Revenue did not participate in oral argument by separate counsel, having joined in the property appraiser's arguments on this particular point.
Section 194.181, Florida Statutes (1987), was amended to enable condominium associations to institute tax suits on behalf of individual unit owners. The title of chapter 88-146 of the 1988 Florida Session Laws states that the purpose of the amendment is to provide that "a condominium association ... may be the plaintiff in lieu of a taxpayer in suits contesting ad valorem taxes." (Emphasis added.) The codified statute now reads in pertinent part as follows:
Parties to a tax suit. 
(1) The plaintiff in any tax suit shall be:
(a) the taxpayer contesting the assessment of any tax, the payment of which he is responsible for under the law or the condominium association, cooperative association, or homeowners' association as defined in s. 723.075 which operates the units subject to the assessment.
(Emphasis added.)
One appellee, the property appraiser, argues that section 194.181(1)(a), as amended, is unconstitutional. However, appellant and the other appellee, the Department of Revenue, urge this court not to consider the constitutionality of the amendment for the first time on appeal. The trial court did not consider the constitutionality in its order. Furthermore, the property appraiser, as a constitutional officer, lacks standing to challenge the amendment. See Department of Education v. Lewis, 416 So.2d 455, 458 (Fla. 1982); Jones v. Department of Revenue, 523 So.2d 1211, 1214 (Fla. 1st DCA 1988). Thus, we do not consider this argument.
The amendment overrules our holding in Greens of Inverrary Condominium Ass'n v. Johnson, 445 So.2d 1096 (Fla. 4th DCA 1984), in which we held a condominium association could not be an individual party plaintiff in a tax suit and thus could not file a class action petition to the Property Adjustment Board contesting the appraised value of individual parcels in the condominium. We suggested that if a claim were based on some aberration in the assessment process, there would be a common interest upon which to base a class action. Id. at 1098. See also Adams v. Reid, 396 So.2d 1182 (Fla. 4th DCA 1981) (class action proper where discrimination against the class is alleged).
Similarly we interpret the amendment to overrule the third district's holding in Bonavista Condominium Ass'n v. Bystrom, 520 So.2d 84 (Fla. 3d DCA 1988), in which the third district held the taxpayers/individual unit owners to be indispensable parties as a result of a pari materia reading of sections 194.181 and 718.111(3), Florida Statutes (Supp. 1986). Section 718.111(3) permits, yet limits, a condominium association's right to standing in ad valorem tax suits. It states in pertinent part as follows:
After control of the association is obtained by unit owners other than the developer, the association may institute, maintain, settle or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including but not limited to ... protesting ad valorem taxes on commonly used facilities and on units.
(Emphasis added.)
Florida Rule of Civil Procedure 1.221 provides the procedural means by which the Association may represent unit owners as a class and requires that the action involve matters of common interest. It states as follows:
After control of a condominium association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof *612 and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this section, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this section. Nothing herein limits any statutory or common law right of any individual unit owner or class of unit owners to bring any action which may otherwise be available. An action under this rule shall not be subject to the requirements of Rule 1.220.
If the complaint alleges a common interest, then class action with the Association as the representative is appropriate. The complaint alleges overvaluation of all units due to an aberration in the assessment process, a matter which we suggested in Greens of Inverrary Condominium Ass'n would be of common interest to all unit owners. Thus we find class action lies under rule 1.221.
In Kesl, Inc. v. Racquet Club of Deer Creek II Condominium, Inc., 574 So.2d 251 (Fla. 4th DCA 1991), this court held that a condominium association could be sued as the representative of the unit owners and recognized the owners as a class of defendants under rule 1.221, holding such recognition did not deprive the unit owners of due process. They did not have to be sued individually. Kesl lends support to individual unit owners not being indispensable parties, as defendants or plaintiffs, in suits involving a common interest of unit owners. However, this court did state that all units were included and treated the same. While a distinction between Kesl and the instant case exists in that sixteen unit owners have paid their taxes without objection, counsel for the property appraiser at oral argument represented that those unit owners are not estopped from participation in the present action. Section 194.171, Fla. Stat. (1989).
We hold the trial court erred in finding the unit owners to be indispensable parties in light of the foregoing language in the amendment's title and body; and we find support for such view in Kesl.
We further are of the opinion that those owners who do not wish to join in the action must be provided a means to opt out. While rule 1.221 does not contain an opt out provision similar to that of rule 1.220, the last sentence of rule 1.221 contemplates other actions by members of the class which is a traditional basis for opting out of a class action. Furthermore, a trial court's requirement of notification and an opportunity to opt out to putative class members after institution of the suit is not inconsistent with rule 1.221. The Florida Bar, 353 So.2d 95, 97 (Fla. 1977) (denying Civil Procedure Rules Committee's petition that rule 1.220(b), now rule 1.221, was unnecessary in light of section 718.111(2), Florida Statutes). Such a requirement by the trial court in the instant case would avoid the forcing of litigation upon unwilling members of a class which is contrary to the precepts of a traditional class action. Id.
Although Sunbelt owns two of the three types of units at the condominium, we agree with the trial court that it is not an appropriate class representative under rule 1.220 because it has a different interest in its units as an owner-mortgagee than that of the other unit owners. While Sunbelt may have a financial interest in having tax assessments lowered, as may other unit owners, its status as the mortgagee of virtually all the other units makes it a unique, rather than representative, owner. A prerequisite to a class action under Florida Rule of Civil Procedure 1.220 is that the representative party be able to fairly and adequately protect and represent the interests of each member of the class.
Sunbelt owns no type A units and thus cannot represent the interests of the members of the class who are A type unit owners. More importantly, and not discussed *613 by appellants, Sunbelt is involved in litigation with many of the members of the class. Although the action involves 106 unit owners who are suing Sunbelt for fraud and misrepresentation in the sales price of the units, it has not been maintained as a class action. At the hearing on the motion to certify the class in the instant case, the attorney representing the 106 stated that there was an agreement not to use any information in the instant case against the unit owners in the other litigation. Any agreement notwithstanding, we do not see that Sunbelt, an adversary in other pending litigation, can fairly and adequately protect and represent the interests of all the other class members. As a mortgagee, rather than investor like the other unit owners, some differences of interest are bound to exist.
Therefore, we reverse and remand with direction to certify the unit owners as a class under Florida Rule of Civil Procedure 1.221 with the Association serving as class representative. We also direct the trial court to allow unit owners who do not wish to be part of the class an opportunity to opt out of instituting the litigation.
GLICKSTEIN, C.J., ANSTEAD, J., and WALDEN, JAMES H., Senior Judge, concur.