589 So.2d 460 (1991)
Joel W. ROBBINS, Property Appraiser of Dade County, Appellant,
v.
SUMMIT APARTMENTS, LTD., a Florida Partnership, Appellee.
No. 91-361.
District Court of Appeal of Florida, Third District.
November 26, 1991.
*461 Robert A. Ginsburg, County Atty. and Scott D. Fabricius, Asst. County Atty., for appellant.
Greenfield & DuVal, North Miami, and Louis C. Arslanian, Winter Park, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
The Dade County Property Appraiser appeals a final judgment reducing the appellee's ad valorem tax assessment. We reverse.
In 1987 the Property Appraiser assessed the value of the Summit Apartments, a 237 unit complex, at $6,229,910. The taxpayer challenged the assessment and the Property Appraisal Adjustment Board reduced it to $5,291,422. The Property Appraiser then brought suit in circuit court challenging the assessed valuation approved by the Adjustment Board. After a bench trial, the court entered judgment in favor of the taxpayer, and the Property Appraiser has appealed.
The Property Appraiser contends that the trial court incorrectly allocated the burden of proof. The trial court ruled that "when an assessment is overturned by the [Property Appraisal Adjustment] Board, ... the Board's reevaluation has ... presumptive validity. Bystrom v. Equitable Life Assurance [Society], 416 So.2d 1133[, 1141] (Fla. 3d DCA 1982)[, review denied, 429 So.2d 5 (Fla. 1983)]." Final Judgment at 2.
We agree with the Property Appraiser that the trial court misconstrued the applicable law. Bystrom v. Equitable Life is easily misunderstood. In that case there is a lengthy majority opinion covering a number of legal issues. However, the portion of the main opinion entitled "The Burden of Proof," id. at 1140-43, represents the view of only one member of the three-member panel. Two judges joined a special concurrence, id. at 1145-47, which took a different view of the burden of proof issue. On the question of burden of proof, the concurring opinion was joined by a majority of the panel and therefore represents the decision of the court. The trial court should have followed the concurring opinion on that issue.
Under the holding of Bystrom v. Equitable Life, the Property Appraiser's assessment enjoys presumptive validity so long as the appraisal was accomplished in substantial compliance with the applicable assessment statute. Id. at 1145.
[I]f the property appraiser shows that his assessment was made in substantial compliance with Section 193.011, [Florida Statutes,] then the burden shifts to the taxpayer, not merely to establish that the taxpayer's evidence as to valuation of the property is more convincing than the property appraiser's, but rather to overcome the property appraiser's assessment by excluding every reasonable hypothesis of a legal assessment.
Id. at 1146.
Contrary to the ruling of the trial court, the presumption of correctness remains with the Property Appraiser for purposes of the de novo proceeding in circuit court, even if the Adjustment Board has ruled in favor of the taxpayer. Id. at 1146; Muss v. Blake, 416 So.2d 2, 3 (Fla. 3d DCA), review denied, 424 So.2d 762 (Fla. 1982). For reasons of public policy, the presumption remains with the Property Appraiser and does not shift to the ruling of the Adjustment Board. Bystrom v. Equitable Life, 416 So.2d at 1146-47.
Turning next to the merits, in approving the Adjustment Board's reduced assessment, the trial court reasoned that the Property Appraiser had not properly considered one of the eight criteria for determining just value found in section 193.011, Florida Statutes (1987). The court concluded that the Property Appraiser had not sufficiently taken into account the effect *462 of governmental regulation on the taxpayer's apartment project, given the fact that the apartment complex is a participant in the Federal Housing and Urban Development Program. That contention has in the meantime been answered adversely to the taxpayer's position in Robbins v. Summit Apartments, Ltd., 586 So.2d 1068 (Fla. 3d DCA 1991). In sum, we conclude that the Property Appraiser showed that his assessment was made in substantial compliance with section 193.011, Florida Statutes (1987), and that the taxpayer's evidence did not exclude every reasonable hypothesis of legal assessment. The order under review is reversed and remanded with instructions to enter judgment in favor of the Property Appraiser.
Reversed and remanded.