801 So.2d 255 (2001)
Celeste SMITH, Okeechobee County Tax Collector, and W.C. Sherman, Okeechobee County Property Appraiser, Appellants,
v.
ROYAL & SONS, LTD., a Florida limited liability company, Appellee.
No. 4D01-1431.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
*256 Larry E. Levy of the Levy Law Firm, Tallahassee, for appellants.
Kerry R. Schwencke, West Palm Beach, for appellee.
PER CURIAM.
The tax collector and the property appraiser for Okeechobee County appeal a final order of the trial court that invalidated the Value Adjustment Board's revised assessment of appellee's property and assessed the property at a lower value. We reverse and remand for a new trial.
Appellee contested the property appraiser's assessment of its property and sought a reduced assessment from the Value Adjustment Board. After the Board reduced the assessment, appellee filed suit to contest the value established by the Board. Following an unreported hearing, the trial judge entered an order that stated:
Since the assessment was revised by the Value Adjustment Board, it can be inferred that it found Appraiser's initial assessment erroneous. Therefore, Appraiser comes into this trial without the presumption of correctness under Section 194.301, Florida Statutes regarding any proposed assessments. There was no evidence presented at trial regarding the basis for the Value Adjustment Board's revision of the assessment to $3,500,000.00. No documentation was presented at trial to establish that $3,500,000.00 was a just value for the Plaza.
Appellants raise three issues, one of which is dispositive. Appellants contend that the trial court incorrectly applied section 194.301, Florida Statutes (2000). We agree. The trial court erred as a matter of law when it determined that because the Value Adjustment Board modified the appraiser's assessment, the appraiser's assessment lost its presumption of correctness. The lack of a record precludes our review of the remaining issues on appeal.
In a taxpayer challenge to an assessment made by a property appraiser, the assessment is accorded a presumption *257 of correctness if it was made in accordance with section 193.011, Florida Statutes. The presumption is lost only if the taxpayer demonstrates that the property appraiser failed to consider properly the criteria of section 193.011, or if the assessment is arbitrarily based on appraisal practices that differ from practices generally applied to comparable property in the same county. Bystrom v. Equitable Life Assurance Soc'y, 416 So.2d 1133 (Fla. 3d DCA 1982), rev. denied, 429 So.2d 5 (Fla.1983); see also § 193.301, Fla. Stat. (2000). Prior to 1997, if a taxpayer failed to establish that the property appraiser did not properly consider the statutory criteria, the taxpayer could overcome the appraiser's presumptively correct assessment only by proof that excluded every reasonable hypothesis of a legal assessment. Bystrom.
The law is well-settled that the action of the Value Adjustment Board in lowering the property appraiser's assessment does not operate to eliminate the presumption of correctness in favor of the appraiser's assessment. In Vero Beach Shores, Inc. v. Nolte, 467 So.2d 1041 (Fla. 4th DCA 1985), this court stated:
The remaining question is what effect the administrative board's contrary determination has on the presumption of correctness. Under the circumstances present in this case we hold that the presumption survives intact in spite of the Board's action. In our view the presumption of correctness dissolves only when the appraiser is disentitled to the presumption by failing to substantially comply with section 193.011, Florida Statutes (1983).
Id. at 1044. In Robbins v. Summit Apartments Ltd., 589 So.2d 460 (Fla. 3d DCA 1991), the third district stated:
Contrary to the ruling of the trial court, the presumption of correctness remains with the Property Appraiser for purposes of the de novo proceeding in circuit court, even if the Adjustment Board has ruled in favor of the tax payer. Id. at 1146; Muss v. Blake, 416 So.2d 2, 3 (Fla. 3d DCA), review denied, 424 So.2d 762 (Fla.1982). For reasons of public policy, the presumption remains with the Property Appraiser and does not shift to the ruling of the Adjustment Board. Bystrom v. Equitable Life, 416 So.2d at 1146-47.
Robbins, 589 So.2d at 461 (original emphasis).
In 1997, the legislature enacted section 194.301, Florida Statutes:
In any administrative or judicial action in which a taxpayer challenges an ad valorem tax assessment of value, the property appraiser's assessment shall be presumed correct. This presumption of correctness is lost if the taxpayer shows by a preponderance of the evidence that either the property appraiser has failed to consider properly the criteria in s. 193.011 or if the property appraiser's assessment is arbitrarily based on appraisal practices which are different from the appraisal practices generally applied by the property appraiser to comparable property within the same class and within the same county. If the presumption of correctness is lost, the taxpayer shall have the burden of proving by a preponderance of the evidence that the appraiser's assessment is in excess of just value. If the presumption of correctness is retained, the taxpayer shall have the burden of proving by clear and convincing evidence that the appraiser's assessment is in excess of just value. In no case shall the taxpayer have the burden of proving that the property appraiser's assessment is not supported by any reasonable hypothesis of a legal assessment. If the property appraiser's assessment is determined to *258 be erroneous, the Value Adjustment Board or the court can establish the assessment if there exists competent, substantial evidence in the record, which cumulatively meets the requirements of s. 193.011. If the record lacks competent, substantial evidence meeting the just value criteria of s. 193.011, the matter shall be remanded to the property appraiser with appropriate directions from the Value Adjustment Board or the court.
Section 194.301, Florida Statutes, essentially codified existing law, with one significant exception. The legislature changed the taxpayer's burden of proof in cases where the presumption of correctness is retained. The statute does not alter the status or authority of a Value Adjustment Board vis-a-vis the property appraiser so that the Board's adjustment operates to destroy the presumption of correctness which attaches to the appraiser's assessment. The law continues to be that the appraiser loses the presumption only if the taxpayer shows by a preponderance of the evidence either that the appraiser has failed to consider the criteria set forth in section 193.011, Florida Statutes, or that "the property appraiser's assessment is arbitrarily based on appraisal practices which are different from the appraisal practices generally applied by the property appraiser to comparable property within the same class and within the same county." If the taxpayer makes this showing by a preponderance of the evidence, the property appraiser's presumption of correctness is lost, and the taxpayer will thereafter have the burden of proving, also by a preponderance of the evidence, that the appraiser's assessment exceeds just value. If, however, the taxpayer fails to prove by a preponderance of the evidence that the appraiser failed to consider the statutory criteria or applied arbitrary appraisal practices then the taxpayer will be required to prove by clear and convincing evidence that the assessment exceeds the just value.
Here the trial court made no findings that appellant property appraiser failed to consider the criteria in section 193.011, Florida Statutes, or applied arbitrary appraisal practices. Instead, the trial court found that "since the assessment was revised by the Value Adjustment Board it can be inferred that it found appraiser's initial assessment erroneous. Therefore, appraiser comes in to this trial without the presumption of correctness under section 194.301, Florida Statutes, regarding any proposed assessments." We hold that the trial court erred as a matter of law when it concluded that the Value Adjustment Board's revised assessment invalidated the presumption of correctness applicable to the property appraiser's assessment. The trial court's order improperly shifts the burden of proof from the taxpayer to the appraiser. We, therefore, reverse and remand this cause for a new trial for proceedings consistent with section 194.301, Florida Statutes (2000).
Accordingly, we reverse the final judgment and remand this cause for a new trial on all issues.
REVERSED AND REMANDED
DELL, GUNTHER and TAYLOR, JJ., concur.